**CITY OF HOUSTON v. STOVALL et al.**

No. 12413.

Court of Civil Appeals of Texas. Galveston.

May 22, 1952.

Rehearing Denied June 5, 1952.

Will Sears, City Atty., and Richard H. Burks, Asst. City Atty., Houston, for appellant.

Calvin B. Garwood, Houston, for appellee T. J. Stovall.

Stovall, O'Bryant & Stovall Houston, for appellees Mrs. E. J. Nonmacher and husband.

MONTEITH, Chief Justice.

This condemnation suit was brought by the City of Houston, in two separate proceedings, to acquire from appellees two tracts of land totaling 13.433 acres to be used for airport purposes. One of the proceedings of the suits sought condemnation of 3.833 acres; the other sought a condemnation of 9.60 acres of land. The trial judge duly appointed three commissioners in each case, and after due notice to all of the parties, two of the commissioners held hearings in each case, one of the commissioners being out of the city at the time of the hearings. Appellees T. J. Stovall, Juanita Nonmacher and E. J. Nonmacher appeared at each of the hearings. The two commissioners returned an award in each case, awarding appellees compensation at the rate of $1,000 per acre for the land sought to be acquired—a total of $13,433, and appellees duly filed their objections thereto after the awards had been filed.

Appellant paid into the registry of the court the amount of the award, and went into possession of the land. Later, appellees' motion for the consolidation of the two condemnation suits was granted by the trial court. Approximately two years thereafter attorneys for appellees urged their motion to dismiss the two suits on the ground that only two of the commissioners had rendered an award in the two cases. This motion was sustained by the Judge of the County Court at Law, and the appellant has perfected its appeal from this order.

Appellant relies, in the appeal, on three points of assigned error. It contends that the trial court erred in dismissing the condemnation suits on the ground that only two of the commissioners had rendered an award in the suits, for the alleged reason that no objection was made to the Judge of the County Court at Law at the hearings in the two proceedings in the absence of one of the commissioners; and the fact that appellees, at the time of the hearings did not request the Judge of the County Court at Law to appoint a commissioner in lieu of the absent commissioner, but that instead of taking that action, appellees proceeded with the hearing before the two commissioners. Appellant contends that appellees should have moved the trial court to quash the award and send the case back to the full commission prior to or at the time the appellant sought to take possession of the land, and that—having failed to contest appellant's right to possession—appellees are now estopped to challenge the validity of the award made by the two commissioners.

It is undisputed that on the date of each hearing appellees appeared and entered their objections to the two commissioners, to proceeding with only two of the commissioners appointed. Appellees' objection to proceeding with the hearing was overruled by the commissioners for the reason stated in the award—that the need for possession by the City was urgent.

The record does not show that appellees made a motion to the Judge of the County Court at Law to appoint a commissioner to replace the absent commissioner, in accordance with Subdivision 2 of Article 3266, Revised Civil Statutes, Vernon's Ann.Civ. St. art. 3266, subd. 2, which provides that, "The county judge may appoint other commissioners when one or more of those appointed shall fail to serve."

The case of Angier v. Balser, Tex.Civ. App., 48 S.W.2d 668, 672 (writ of error refused), was a case in which the award in a condemnation suit was attacked as being invalid because it was joined in by only two of the three commissioners appointed by the trial court. The court in its opinion said:

"Appellant did not, as he had the right to do, file with the county judge direct his objections to the appointment of Harz, and did not request the county judge to appoint another in lieu of Harz, but addressed his objections to and filed them with the board of commissioners; and Harz did not act in deference to the objections. We therefore conclude that, * * * since no objections were filed with the county judge and no request made to him to appoint a third commissioner in lieu of Harz, and since appellant proceeded with the hearing before the two remaining commissioners, the two remaining commissioners were sufficient to constitute a valid board, and the award concurred in by both commissioners is valid." (Citing authorities.) Continuing, the court said:

"In this connection it may be regarded as settled law that two of the three commissioners required to be appointed in condemnation proceedings may award damages, by the case of Missouri, K. & T. Ry. Co. v. Rockwall County, etc., District, Tex.Civ.App., 266 S.W. 163, 165, where three commissioners were present, but only two concurred in the award. The court held, as follows: 'We hold that the decision of two of the commissioners awarding $600 was in conformity with law and is a valid assessment.' "

In approving the above holding, the Supreme Court in 117 Tex. 34, 297 S.W. 206, 209, said: " 'We fully agree with the Court of Civil Appeals that the decision of the commissioners, appointed to assess the damages sustained by plaintiff in error, was valid though not unanimous.' "

In Vol. 67 C.J.S., Officers, § 109, p. 394, it is held that the general weight of authority is that a majority of the members of the Board of Commissioners may validly act and that:

"In the absence of a statutory provision to the contrary, where official authority is conferred on a board or commission composed of three or more persons, such authority may be exercised by a majority of the members of the board, * * *."

At the time of the hearing before the special commissioners in this appeal, appellees did not request the Judge of the County Court at Law, by motion or otherwise, to appoint a commissioner in the place of the commissioner who was absent from the city, nor did they make any objection to the County Judge to proceeding with the hearing before only two of the commissioners.

In the case of Brazos River Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W.2d 842, 846, a condemnation suit, the Supreme Court of this State said: "* * * The sole authority given to the commissioners by the statute (Articles 3264-3265) is to hear the evidence, assess the amount of damages due the owner and file their decision with the county judge. They are not a court. They cannot pass upon a plea in abatement or upon a motion to dismiss because of the pendency of the first suit, and they have no authority to require the condemnor to amend his petition. * * *"

It is appellant's contention that, in the instant case, appellees chose to speculate upon the outcome of the hearing before the two commissioners, and that they have waived any right of complaint as to the award made by the two commissioners.

The holding in the case of Angier v. Balser, supra, is analogous to the situation presented in the instant case in that the complaint in that case was also made after the award of two commissioners; and in that case the landowner did not make his objection to the County Judge, but attended the hearing before the two commissioners.

Two years later, on December 14, 1951, the Judge of the County Court at Law granted appellees' motion to dismiss the condemnation suit.

Under the above authorities the judgment of the trial court dismissing this case must, we think, be reversed and the cause remanded to the County Court at Law of Harris County, with instruction to the Judge thereof to proceed to trial in the condemnation suits so consolidated.

Reversed and remanded.