**F. T. WALLING, Appellant,**

v.

**The STATE of Texas et al., Appellees.**

No. 4386.

Court of Civil Appeals of Texas.

Waco.

Aug. 26, 1965.

Rehearing Denied Sept. 16, 1965.

Robert G. Carter, Marlin, for appellant.

Thomas Bartlett, Jack Welch, Marlin, for appellees.

McDONALD, Chief Justice.

This is an appeal by defendant landowner in a condemnation case. Plaintiffs, State of Texas and Falls County, filed proceedings to condemn 9.674 acres of defendant Wallings land for hiway purposes. On October 30, 1964 the County Judge of Falls County appointed Norris, Ferguson, and McAtee, as Special Commissioners. On November 4, 1964 the attorney for plaintiffs prepared notice to defendant to appear on November 11, 1964, which notice was signed by the 3 commissioners and served on defendant. No hearing was held. On November 11, 1964 the attorney for plaintiffs prepared a notice to defendant to appear on November 20, 1964, which was signed by the 3 commissioners and served on defendant. The commissioners met and held a hearing on November 20, 1964 and made an award. Defendant did not participate in such hearing.

On January 25, 1965 the County Judge set the award aside (because the defendant

was not given 10 days notice of the hearing as required by Article 3264 Vernon's Ann. Tex.St.); and in the same order appointed Souther, Gausemeier, and Herring to act as commissioners in the instant case. These second appointed commissioners issued notice which was served on defendant on January 28, 1965, and set a hearing for February 10, 1965.

Defendant filed a motion prior to the hearing, asserting the second set of commissioners had no jurisdiction to act, and requested the Court to proceed with the first appointed commissioners. The County Court overruled such motion. The second set of commissioners held a hearing on February 10, 1965, in which defendant did not participate, and made an award. Defendant filed objection to the award asserting: 1) it was inadequate; and 2) the second set of commissioners had no authority to act because the first appointed commissioners were the proper persons to act. Defendant's objection to the award placed the matter on the docket of the County Court. Defendant then filed a plea in abatement in the County Court, asserting that the first appointed commissioners were the only duly appointed and acting commissioners in the proceeding; and that the County Court had no authority to appoint the second set of commissioners; and that their acts were void. Defendant prayed that the proceeding be abated, and that he be given opportunity to have the first appointed commissioners act in his case.

The County Court overruled such plea in abatement, and tried the condemnation case before a jury. The jury rendered a verdict for $4525.50, and the Trial Court entered judgment on the verdict.

Defendant moved for new trial asserting that the law authorizes the appointment of only 3 commissioners under the facts, and that the acts and award of the second set of commissioners was void. The trial court overruled such motion.

Defendant appeals contending that the Trial Court erred in overruling his plea in

abatement; that the first appointed commissioners are the only duly appointed and acting commissioners in this proceeding; that the second set of commissioners had no jurisdiction; that their acts are void; and that he is entitled to have the judgment reversed and the proceedings abated until he is notified as required by law to appear before the first appointed commissioners.

Plaintiffs assert that the County Judge had authority to appoint the second set of commissioners under Article 3266 VATS, because the first appointed commissioners failed to serve; and that in any event, what the commissioners did is now moot; and regardless of the mechanics of appointing commissioners, the cause ultimately reached the state of a jury trial, and defendant has no complaint about the fairness of that jury trial; and thus should be affirmed.

Article 3266(2) VATS provides: "The county judge may appoint other commissioners when one or more of those appointed shall fail to serve."

The record reflects that the first appointed commissioners set two hearings, and issued citations to defendant, all papers being prepared by the attorney for plaintiffs. A hearing was held on November 20, 1964 and an award was made, but was set aside by the County Judge on January 25, 1965, because the defendant had not been given ten days notice as required by Article 3264 VATS.

It is stipulated: " * * * that after November 20, 1964 the commissioners were never contacted by the County Judge or the County Attorney about having another hearing; or to issue a valid citation to defendant; these commissioners never failed or refused to act as commissioners in this proceeding; except in this; that from the date of their appointment on October 30, 1964 until January 25, 1965 they did not make a valid award or issue a valid citation."

We think under the facts the first appointed commissioners did not "fail to

serve" as contemplated by Article 3266 VATS; that the County Judge was without authority to appoint the second set; and that the hearing and award of the second set is void.

But plaintiffs assert that regardless the mechanics of appointing commissioners, the case ultimately reached the state of a jury trial in County Court; and since defendant makes no complaint about the fairness of that trial, the case should be affirmed.

The rule is that in condemnation proceedings, the requirements of the statutes are to be strictly followed, and that such rule is for the benefit of the landowner. City of Bryan v. Moehlman, 155 Tex. 45, 282 S.W.2d 687; Robison v. Whaley Farm Corp., 120 Tex. 633, 37 S.W.2d 714; City of Houston v. Kunze, 153 Tex. 42, 262 S.W.2d 947; Crim's Estate v. State, Tex.Civ.App. (nwh), 371 S.W.2d 574; 22 Tex.Jur.2d p. 306.

Under plaintiffs' contention the foregoing rule and authorities would mean nothing, and it would not matter whether the statutory requirements in condemnation proceedings were followed or not, so long as an objection was made to the award, and a trial de novo held in County Court. We reject the contention.

In the instant case defendant objected to the hearing before the second set of commissioners on the ground that they were without jurisdiction; preserved the complaint by objection to the award, and by filing plea in abatement on such ground in County Court; and the matter is properly before this court for review. State v. Giles, Tex.Sup.Ct., 368 S.W.2d 943.

We think defendant entitled to a compliance with the Statutes. Defendant's contentions are sustained. The judgment is Reversed and Remanded with instructions that the proceedings be abated until defendant is notified as required by law to appear before the first appointed commissioners.

Reversed and remanded.