**JEFFERSON COUNTY DRAINAGE DISTRICT NO. SIX, Appellant,**

v.

**GULF OIL CORPORATION, Appellee.**

**No. 7040.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 30, 1969.

Rehearing Denied Feb. 20, 1969.

W. G. Walley, Jr., J. B. Morris and J. Kenneth Hynes, Beaumont, for appellant.

W. B. Edwards, William F. Erwin, Jr., Fred A. Lange, Houston, for appellee.

KEITH, Justice.

This is an appeal from a judgment of the District Court granting Gulf Oil Corporation (hereinafter styled "Gulf") a permanent injunction restraining Jefferson County Drainage District No. Six (herein-after styled "District") "from constructing or installing a boxed culvert in, or upon" certain property owned by Gulf. The trial was without a jury and no findings of fact or conclusions of law were filed.

The property was on a service road forming an integral part of Interstate Highway 10 in the City of Beaumont, upon which Gulf had constructed a large service station. Immediately to the south of the improved portion of Gulf's property was a large open and unlined drainage ditch used, if not owned, by the Drainage District. Still further south, Continental Oil Company (hereinafter styled "Conoco") owned property which had not been improved at the time the litigation was commenced.

Gulf alleged that Conoco, being desirous of developing its property, presumably for a service station which would compete with Gulf's existing facility, initiated discussions with the Drainage District in 1966 seeking to have the District condemn an easement over the lands owned by both Gulf and Conoco then occupied by the open ditch; and, after the acquisition of the easements from the two companies, the District would then "box" the entire ditch with a large concrete culvert, cover the "box" with dirt, and thereby make usable the forty feet of Conoco's land fronting on the service road.

After perfecting the appeal to this Court, the District filed a motion to advance submission of this cause, attaching a certified copy of a resolution wherein the Conoco proposal was set forth in more detail than was shown upon the trial. Among the recitations in the resolution is this:

"WHEREAS, Continental Oil Company has made a firm offer to Jefferson County Drainage District No. 6 to waive all claims for damages to its remaining property from which is to be taken the right of way needed to be acquired from Continental Oil Company for said improvement and to further donate to Jefferson County Drainage District No. 6 the cost of installing within the pro-

posed new right of way a concrete box to the extent of Eighteen Thousand ($18,-000.00) Dollars, of said cost of installation of said concrete box, all as is set forth in the offer in writing from Continental Oil Company attached hereto; * * * "

The District began condemnation proceedings with the filing of its petition with the Judge of the County Court at Law on June 26, 1968, seeking to condemn an easement over Gulf's land for drainage purposes. The special commissioners took their respective oaths and gave notice to Gulf of a hearing to be held on July 15, 1968. Claiming that it had not had the full ten-day's notice required by Article 3264, Vernon's Ann.Civ.St., Gulf brought suit in the District Court against the District seeking an injunction.

The petition alleged Gulf's ownership in fee simple of its entire tract, the filing of the condemnation proceedings, and quoted some of the allegations of the condemnation proceedings then pending. These allegations were excerpted by Gulf from the petition for condemnation which had been filed by the *District:*

"It is necessary and expedient for the maintenance of proper drainage in said District that the Petitioner acquire an easement for drainage purposes across, through and upon the above described real estate for the purpose of constructing a drainage ditch thereon and providing proper right-of-way for maintenance of the same * * *

"Jefferson County Drainage District No. 6 of Jefferson County, Texas, is in the process of constructing certain drainage improvements within said District consisting of a drainage ditch for the carrying off of surface water within the District which will otherwise overflow on the lands of some of the citizens residing within the District creating the danger of flooding and doing great damage to homes and commercial establishments. The ditch to be constructed for

the purpose of preventing such damages and to alleviate present conditions will cross lands of the Defendant [plaintiff herein] located within the limits of the Drainage District and it is necessary that the District acquire such easement across, through, and upon * * * "

The District allegations so noted were then traversed by Gulf as being "incomplete, incorrect, erroneous and misleading * * * [and] there is, in fact, no necessity, no expediency, and no public interest to be served by the condemnation * * * " These allegations with reference to Conoco then follow:

"Continental Oil Company is the owner of the tract of land on the other side of the Beaumont High School ditch, which forms the boundary between its property and that belonging to plaintiff herein. Continental has petitioned the defendant to condemn an easement over plaintiff's one-half of said ditch, and in consideration therefor it has agreed to donate an easement across its one-half of said ditch and has agreed to pay the costs of constructing a pipe in the ditch and the costs of covering the entire ditch in order that the now existing, adequate, sufficient, and efficient drainage ditch will be artificially converted, under the guise of public necessity, to a culvert, so that it can be filled in and overlaid with top soil so as to increase the size and enhance the commercial usability and value of Continental's property, increasing its dimensions sufficiently to accommodate a retail service station thereon. Plaintiff would further show the Court that the pipe which defendant proposes to lay in the ditch and the covering of the ditch will not aid 'in carrying off of surface water within the District which will otherwise overflow on the lands of some of the citizens residing within the District', but rather the flow of water in the ditch will be impeded by the contemplated improvements. Continental and defendant have made this agreement for the sole purpose of enabling Con-

tinental to use their one-half of the ditch for the purpose of constructing a service station thereon. The proposed taking of plaintiff's property for the private use of Continental violates Section 17 of Article 1 of the Constitution of Texas."

Gulf then offered in the pleadings to donate the required easement to the District "provided the ditch is not covered." Gulf sought a temporary injunction after hearing, and a permanent injunction upon a final trial, restraining the District from acquiring Gulf's property through eminent domain proceedings, or alternatively, that the District be enjoined from covering any part of the ditch so acquired from either Gulf or Conoco. As noted above, Conoco was not made a party to the suit.

The amended answer filed by the District contained a plea to the jurisdiction of the Court, a plea in abatement, a special plea in bar, and a general denial. The special plea asserted, in substance, that being created as a drainage district by the Legislature, it was clothed with the power of condemnation under Article 8151, V.A. C.S., and Article 8154, placed upon the drainage commissioners, not the Court, the duty of keeping the ditches in repair, etc.

It was alleged further that a hearing was had (following proper notice) before the Special Commissioners on August 21, 1968, with an award having been made to Gulf from which it had appealed to the County Court of Jefferson County at Law by filing its objections and exceptions on September 10, 1968. From these allegations, the conclusion was drawn that the exclusive jurisdiction to hear the entire controversy was vested in the County Court at Law and that the District Court was without jurisdiction to interfere with the jurisdiction of the County Court at Law. Copies of the condemnation proceedings were attached to the answer and are in the record before us. Such proceedings all appear regular and no complaint is made in either brief as to their sufficiency.

The plea in abatement, repleading the foregoing facts by reference, sought to abate the suit because the County Court of Jefferson County at Law had acquired jurisdiction of the subject matter of the suit. The special plea in bar asserted that Gulf had an adequate remedy at law in that the issue of the right to condemn Gulf's property "can and must be asserted and determined" in the County Court at Law.

Fundamental to the appeal is the contention of the District that the District Court lacked jurisdiction over the subject matter; or, to state the issue conversely, the exclusive jurisdiction to hear and determine the right of condemnation rested in the County Court of Jefferson County at Law.

The first point of the District complains of the action of the trial court in overruling the plea to the jurisdiction. Gulf counters that the District does not have "the right to appropriate Gulf's property through condemnation proceedings and thereafter construct improvements thereon for the avowed purpose of benefiting the private interests of Continental Oil Company."

The focus of the Constitutional prohibition against the taking of private property for private use is sharpened by the opinion of Maher v. Lasater, 163 Tex. 356, 354 S.W. 2d 923, 924 (1962) wherein the Court said:

"Section 17 of Article 1 of the Constitution of Texas, Vernon's Ann.St., provides that 'No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by consent of such person; * * *.' That provision not only requires the payment of adequate compensation for property taken for public use, it prohibits the taking of property for *private* use. Marrs v. Railroad Commission, 142 Tex. 293, 177 S.W.2d 941, 949; Coastal States Gas Producing Co. v. Pate, 158 Tex. 171, 309 S.W.2d 828, 833. The provision operates as a limitation on the power of the Legislature as well as a limitation on the power

of governmental agencies and public and private corporations. McInnis v. Brown County Water Imp. Dist., Tex.Civ.App., 41 S.W.2d 741, 744, writ refused. The Legislature may not authorize that which the Constitution prohibits. [Emphasis by the Court]."

In seeking the injunction, Gulf made it clear that it was not disputing the authority of the District to acquire the easement for the ditch. Rather, what Gulf sought was to control the discretion of the Drainage Commissioners as to the *use* which would be made of the right-of-way *after* its acquisition.

Gulf had appealed from the award of the Commissioners and the entire proceeding was then pending before the County Court at Law, before the trial on the merits or entry of judgment in the District Court in this case. There was and is no reason why Gulf could and can not have its rights adequately protected in the County Court at Law through the proper pleadings and proof. In State v. Giles, 368 S.W.2d 943, 947 (Tex.Sup., 1963), the landowner had sought an injunction to restrain a hearing before commissioners appointed by the County Judge contending that since one was disqualified, the proceeding would be void. The Court said that the District Court had no jurisdiction to interfere with the condemnation proceedings, held that the injunction order was void and ordered the writ of mandamus to issue.

■ Again, we note that there is no attack made by Gulf upon the regularity of the condemnation proceedings then pending in the County Court at Law. That Court had full and exclusive jurisdiction to determine all the issues involved in the controversy between the District and Gulf, including the basic right of the District to condemn Gulf's property.

We now quote from Wilson v. Donna Irr. Dist. No. 1 Hidalgo, Tex.Civ.App., 8 S.W.2d 187, 188 (writ ref., 1928):

"No case has been cited by appellant, nor has a diligent search by this court revealed the issuance of an injunction to restrain the action of the county court in a prima facie legal condemnation suit, and to pass upon issues which might be submitted to the county court. Appellant has the opportunity to be heard on all the matters raised by him as to the legality of a condemnation of his land for the purposes alleged by him. If he should not be satisfied with the action of the county court in the premises, he has the right of appeal, where he can present all the defenses sought to be made the basis of the issuance of a writ of injunction. If the ditch sought to be dug is not for a public use, the presumption will prevail that the county court will not countenance the condemnation of the land. If there is no necessity for appropriating the land, the presumption is that the county court will not permit its appropriation. If the court, however, permits the appropriation of the land in defiance of appellant's rights and the Constitution and laws, appellant can obtain redress by an appeal."

■ What was said in *Wilson,* supra, applies with equal vigor and force in this case. The rule is concisely stated by Judge Pope when he was upon the San Antonio Court of Civil Appeals in State v. Andricks, 304 S.W.2d 566, 567 (writ ref., 1957):

"Condemnation is a matter for the County Court and a district court cannot enjoin the County Court from trying any case over which the County Court has jurisdiction. [Citing cases]."

The cases supporting the proposition that once the jurisdiction of the County Court is invoked in a condemnation proceeding it is exclusive are many, a few of which follow: Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4 (1937); Gulf Coast Irr. Co. v. Gary, 118 Tex. 469, 14 S.W.2d 266, 17 S.W.2d 774 (1929); Nagy v. City

of Amarillo, Tex.Civ.App., 358 S.W.2d 682 (error ref. n. r. e., 1962).

Gulf, countering the thrust of the District's point, contends that the District has misconstrued Gulf's position in the trial court, restating its position in these words taken from its brief:

"Gulf has never contended, and it does not now contend, that the Drainage District does not have the power and right to condemn an easement across Gulf's property involved in this suit. Our sole contention is that the Drainage District does not have the right to appropriate Gulf's property through condemnation proceedings and thereafter construct improvements thereon for the avowed purpose of benefiting the private interest of Continental Oil Company."

\* \* \* \* \* \*

"Here the injunction sought, and the injunction granted, was to restrain the use being made of the property which would benefit solely the private interests of Continental Oil Company."

We have examined carefully the authorities cited by Gulf [1] in its brief and do not find them to be controlling under the fact structure of this case. Only one court, the County Court at Law, had jurisdiction of the entire subject matter and of the parties. There being no title question involved, Gulf having had proper notice of the hearing before the Commissioners, having participated in the hearing and having appealed to the County Court at Law, all matters were properly before that court before the trial on the merits in this cause. There is no question of priority of jurisdiction involved here. [cf. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926)]. Only the County Court at Law could grant full relief sought by all of the parties and

its jurisdiction was and is exclusive. Gregg v. Lower Nueces River Water Sup. Dist., Tex.Civ.App., 303 S.W.2d 812, 815 (error ref., 1957).

 It follows, therefore, that the District Court, lacking jurisdiction to entertain Gulf's suit, erred in granting the relief sought by Gulf and in issuing the injunction. Point One of the District is sustained and the judgment of the District Court is reversed, the injunction dissolved, and judgment rendered that Gulf take nothing. This action makes it unnecessary for us to consider the remaining points urged by the District.

Reversed and rendered.

1. Tod v. Massey, Tex.Civ.App., 30 S.W.2d 532 (no writ, 1930); Leathers v. Craig, Tex.Civ.App., 228 S.W. 995 (no writ, 1921); Moseley v. Bradford, 190 S.W. 824 (Tex.Civ.App.1916), rev. sub-nom. Bradford v. Moseley, 223 S.W. 171 (Tex. Com.App.1920); City of Houston v. Kunze, 153 Tex. 42, 262 S.W.2d 947 (1953); Union Fraternal Latino Amer. v. City of San Antonio, Tex.Civ.App., 315 S.W.2d 68 (no writ, 1958).