MATADOR PIPELINES, INC., Appellant,

v.

John P. WATSON, et ux, Appellees.

No. 6353.

Court of Appeals of Texas, Waco.

Dec. 3, 1981.

Rehearing Denied Jan. 7, 1982.

Steven W. Keng, Giddings, for appellant.

Mac L. Bennett, Jr., Bennett & Bennett, Normangee, Roger Knight, Jr., Madisonville, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Matador Pipelines from default judgment awarding appellees Watson damages and exemplary damages for appellant's trespass upon appellees' land.

On February 23, 1981 appellant filed petition in condemnation seeking to condemn an oil pipeline easement across appellees' land. On that date the Judge by order appointed *Hardy, Fulton* and *Allphin*, Special Commissioners in the cause. Thereafter a notice for hearing for March 10, 1981 was served on appellees signed by *McLaran, Broadway* and *Fullberg*, Special Commissioners. There was no order appointing *McLaran, Broadway* and *Fullberg*. Appellees did not appear at such hearing, but McLaran, Broadway and Fullberg met and made an award. On March 10, 1981 appellees filed objections to the award; and a cross action (the action here appealed from) seeking actual and exemplary damages, plus injunction prohibiting appellant from coming on their land. Appellant was

served[1] but filed no answer. The trial court severed the cross action from the objections and heard same.

There is evidence that the highest and best use of the land is for subdivision development; that appellant had in fact put the pipeline across the property for some 96.67 rods distance; that there have been leaks in the pipeline; that appellees never agreed appellant could go on their land and put the pipeline down; that the use of 9 or 10 acres is totally destroyed; that no one will build a house on land with an oil pipeline crossing it; that appellant's agents have been coming on appellees' land and through their gates; that appellees do not want the pipeline people on their land; that appellees have been damaged $15,000; and that $15,000 punitive damages are proper.

The trial court rendered default judgment awarding appellees $15,000 actual damages; $15,000 exemplary damages; and enjoining appellant or its agents from going on appellees' land.

Appellant appeals asserting the trial court erred: 1) In entering default judgment because appellant was not notified of the date of the hearing, although in the status of a plaintiff with pleadings on file; 2) In awarding appellees actual damages for the acquisition of the property since damages were recoverable on the merits of the condemnation cause; 3) In awarding exemplary damages, since same are not contemplated by the eminent domain statutes.

The rule is that in condemnation proceedings the requirements of the statutes are to be strictly followed, and such rule is for the benefit of the landowner. The condemnation of appellees' land was void. *Walling v. State*, Tex.Civ.App. (Waco) NRE, 394 S.W.2d 38; *City of Bryan v. Moehlman*, 155 Tex. 45, 282 S.W.2d 687; *Robison v. Whaley Farm Corp.*, 120 Tex. 633, 37 S.W.2d 714; *City of Houston v. Kunze*, 153 Tex. 42, 262 S.W.2d 947; *Crim's*

1. In addition to service, appellees' counsel mailed copies by certified mail to appellant's counsel with a letter stating appellees did not recognize the authority and jurisdiction of the purported Commissioners, McLaran, Fullberg and Broadway; and requesting appellant not go on appellees' land.

*Estate v. State*, Tex.Civ.App. (Amarillo) NWH, 371 S.W.2d 574; 22 Tex.Jur.2d p. 306.

■ As noted the condemnation of appellees' land was void. It was not by the legally appointed commissioners but by three apparent interlopers. The pipeline was built and put in operation without due process and the trial court correctly rendered judgment for appellees' damages as sought by the cross action.

■ The trial court severed appellees' objection to the award from the cross action. Appellant was served with the cross action but filed no answer. The actual damages awarded were for damage the pipeline had done to appellees' land and were not awarded for its acquisition. The exemplary damages were for the wilful and wanton acts of appellant in building the pipeline across appellees' land without authority and prior to lawful acquisition of same. The eminent domain action is still pending.

■ The injunction was likewise proper as appellant was trespassing on appellees' property. *Rotello v. Brazos County Water Control & Improvement Dist.*, Tex.Civ.App. (Houston 1) 574 S.W.2d 208.

All appellant's points are overruled.

AFFIRMED.