Gloria Grening Wolk and Bialkin Boods v. Life Partners, Inc.















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-128-CV

     GLORIA GRENING WOLK
     AND BIALKIN BOOKS,
                                                                              Appellants
     v.

     LIFE PARTNERS, INC.,
                                                                              Appellee
 

From the 170th District Court
McLennan County, Texas
Trial Court # 99-181-4
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Life Partners, Inc. (Life Partners) sued Gloria Wolk (Wolk) for defamation. The court
entered an interlocutory default judgment on April 1, 1999, and after a hearing on damages,
awarded $1.5 million in a final judgment dated April 9. Wolk, a resident of California, filed a
special appearance under Rule 120a and a motion to vacate the default judgment. Tex. R. Civ.
P. 120a. On April 27, within its 30-day plenary power under Rule 329b(d), the court denied the
special appearance but granted a new trial. Id. 329b(d).
      Wolk filed an interlocutory appeal from the order denying her special appearance, as allowed
by section 51.014 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(7) (Vernon Supp. 1999). Life Partners filed a notice of cross-appeal
from the order granting the new trial.
      On May 21, Wolk filed in this court a motion to dismiss the cross-appeal for want of
jurisdiction, pointing out that an order granting a new trial is an interlocutory, non-appealable
order. That motion also seeks sanctions for a frivolous appeal. On June 11, she filed a motion
to dismiss her own appeal. Both motions will be granted, and the motion for sanctions will be
denied.
      A party may dismiss its own appeal under Rule 42.1(a)(2), which provides:
      (a) The appellate court may dispose of an appeal as follows:
. . .
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no party may be prevented from seeking any relief to
which it would otherwise be entitled.

Tex. R. App. P. 42.1(a)(2). Thus, Wolk’s motion to dismiss her appeal is proper and is granted.
      The next question is whether we may also dismiss Life Partners’ cross-appeal. As noted,
Wolk’s motion to dismiss cannot preclude Life Partners from “seeking any relief to which it would
otherwise be entitled.” See id. In this instance, however, Life Partners is seeking to set aside an
order granting a new trial.
      Our Supreme Court is explicit on this question:
An order granting a new trial within [the plenary power] period is not subject to review
either by direct appeal from the order, or from a final judgment after further proceedings in
the trial court.

Cummins v. Paisan Const. Co., 682 S.W.2d 235, 236 (Tex. 1984) (per curiam). Life Partners
could not have appealed from the order granting a new trial; it cannot appeal the order as a cross-appeal. Thus, we grant Wolk’s motion to dismiss the cross-appeal.
      Wolk’s motion for sanctions is denied.

                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Interlocutory Appeal and Cross-Appeal dismissed
Opinion delivered and filed June 23, 1999
Publish



: justify; line-height: 0.388889in">Gulf, C. & S.F. Ry. Co. v. Ft. Worth & R.G. Ry. Co., 26 S.W. 54, 60 (Tex. 1894).
      Gulf addressed a collateral attack on the judgment arguing that it was void because the
commissioners were disqualified. This is essentially the same as the attack by Read in this case. 
Read contends that because they were not lawfully appointed, the commissioners actions were
void, and thus, Pinnacle’s objection to the award did not vest the trial court with jurisdiction to
hear the condemnation suit. The Supreme Court rejected the idea that the commissioners actions
were void and held that the trial de novo before a jury, which thus prevented the award by these
allegedly disqualified commissioners from being entered as the judgment of the court, secured
ample protection for the landowner.
      In 1935, the Supreme Court had the opportunity to reexamine the issue of the effect of the
appointment of commissioners in violation of the condemnation statutes. The condemnation
statutes, then as now, required the appointment of commissioners agreed upon by the parties. The
county judge had failed to assign the commissioners agreed to by the parties. The Court held as
follows:
By cross-assignment defendant complains of the action of the county judge in
appointing certain commissioners, after he and a representative of the railway company
had agreed upon certain other parties to be appointed. If this was erroneous, we do not
think it was sufficient to invalidate the whole proceeding, and as defendant has full
opportunity to contest the award of the commissioners on the question of damages, we
do not see how he can be injured.

Fort Worth & D. N. Ry. Co. v. Johnson, 84 S.W.2d 232, 234 (Tex. 1935). Thus, again, the
Supreme Court held that defects in the appointment of the commissioners did not invalidate the
proceeding. The de novo appeal of the commissioner’s award was considered the appropriate
manner of correcting the defect, if any.
      The Galveston Court of Civil Appeals ruled on a related issue in a direct appeal of a dismissal
of an award because only two of the commissioners had attended the hearing. After an objection
to the award was filed, the landowner requested that the trial court dismiss the condemnation
proceeding. The trial court dismissed the case and the condemning authority appealed. The court
held:
Under the above authorities the judgment of the trial court dismissing this case must,
we think, be reversed and the cause remanded to the County Court at Law of Harris
County, with instruction to the Judge thereof to proceed to trial in the condemnation suits
so consolidated.
City of Houston v. Stovall, 249 S.W.2d 246, 248 (Tex. Civ. App.—Galveston 1952, writ ref’d
n.r.e.). These holdings are consistent with the Supreme Court’s later holding that “The right of
[de novo] appeal affords petitioner an adequate remedy for anything that may occur in the
condemnation proceedings up to and including the award of the special commissioners.” Tonahill
v. Gulf States Utilities Co., 446 S.W.2d 301, 302 (Tex. 1969); see also City of Bryan v.
Moehlman, 282 S.W.2d 687, 689 (Tex. 1955)(“We therefore hold that the respondents had an
adequate remedy at law [by de novo trial] in the county court and by appeal therefrom.”);
Jefferson County Drainage Dist. No. 6 v. Gulf Oil Corp., 437 S.W.2d 415, 420 (Tex. Civ.
App.—Beaumont 1969, no writ)(“...having participated in the hearing [before the condemnation
commissioners] and having appealed [for trial de novo] to the County Court at Law, all matters
were properly before that court...”).
      The cases of Walling v. State, 394 S.W.2d 38 (Tex. Civ. App.—Waco 1965, writ ref’d n.r.e.)
and Matador Pipelines, Inc. v. Watson, 626 S.W.2d 139 (Tex. App.—Waco 1981, writ ref’d
n.r.e.) are easily distinguishable. In both cases, two sets of three commissioners were appointed. 
In both cases it was the second set of commissioners that attempted to make the condemnation
award. In both cases this court held that the second set of commissioners were nothing more than
strangers to the proceeding and that their purported awards had no effect. In neither one of these
two cases was the entire proceeding dismissed as argued for by Read. And in both cases the court
expressed the opinion that it was proper to go forward in the pending condemnation proceeding. 
The underlying condemnation cases were not dismissed, therefore, it was unnecessary to file new
condemnation proceedings as Read argues is required for a defect in the appointment process.
      Accordingly, I would hold that by taking a de novo appeal to the district court by objecting
to the condemnation commissioners’ award, the parties were in the proper procedural posture to
proceed to a jury trial on the issue of the fair market value of the property taken by Pinnacle for
a natural gas pipeline easement across Read’s property and damages to the remainder. 
Accordingly, the trial court erred in dismissing the condemnation suit and proceeding to a trial on
the claim for damages for wrongful entry upon and possession of Read’s property. Because the
majority holds otherwise, I respectfully dissent.
 
MOOTNESS AND EQUITY
      To resolve Pinnacle’s first issue the majority has focused on the procedural posture of the
case, in particular the filing of a second condemnation proceeding to condemn the same property. 
Read filed a supplemental brief as a result of this Court’s discovery during oral argument of the
existence of the second proceeding. The supplemental brief regarding the effect of the second
proceeding properly acknowledges the situation in which the parties find themselves and to which
they have agreed. The brief contains the following passage:
...Although Pinnacle had previously taken possession of the condemned easement on
May 21, 1997 pursuant to this cause of action, on April 24, 2000, Pinnacle filed its bond
and received a writ of possession to occupy the same easement at issue in this cause
pursuant to a second case in condemnation filed by it on March 27, 2000. (RR, v. 2, p.
91). The Condemnees could have objected to such filing and proceedings therein until
all matters in this case were completed and, could have, in all probability, obtained an
injunction against the prosecution of the second condemnation case pursuant to Section
65.011 of the Texas Civil Practice and Remedy [sic] Code and the holding in Brazos
River Conservation & Reclamation Dist. v. Allen, 171 S.W.2d 842 (Tex. 1943). 
However, they acquiesced in and agreed with Pinnacle to allow it to have possession of
and occupy the easement as a result of the second condemnation case and the order of
possession and writ granted therein. This understanding was fully stated to the trial court
in chambers outside of the presence of the jury venire and was reiterated in the
presentations and arguments made to the Trial Court on the Motions in Limine. (RR, v.
2, p. 91). Pinnacle’s counsel set forth part of the terms and benefits in voir dire (RR, v.
2, p. 51) and, counsel for Condemnees agreed, during the trial of the case, to not bring
up the issue of whether Pinnacle was wrongfully occupying the easement in violation of
a court order or whether Pinnacle was committing a continuous trespass. (RR, v. 2, p.
91). Thereafter, both parties agreed and the entire trial was based on the terms of this
understanding. (RR, v. 3, pgs. 9, 13, 89 & 90 and v. 4 pgs. 6 & 7). Pinnacle’s
acquiescence and the benefits received by it under this agreement are obvious, (1) the
Condemnees did not seek or obtain an injunction; (2) the damages for temporary
possession were limited to a period terminating on April 25, 2000; (3) Pinnacle obtained
legally enforceable possession and ceased to be subject to the Trial Court issuing a writ
of possession to Condemnees thereby dispossessing Pinnacle at the time of judgment; (4)
Pinnacle avoided having to file a supersedeas bond; and (5) Pinnacle avoided a trial
where its continuous violations of the court’s order were enumerated. The Condemnees
agreed and acquiesced to the possession of the easement by Pinnacle on April 25, 2000,
because (1) it set the lawful date of taking as April 25, 2000 and (2) the Condemnees
ceased to have to incur and pay large bills for fees and expenses, which they could little
afford. For Pinnacle to have acquiesced and accepted the benefits from such
understanding and for it to now be permitted to disavow such agreement would be
unconscionable.
***
This narrows the issues before this Court on appeal to solely: (1) did the trial court
properly dismiss this cause of action because of lack of jurisdiction; (2) were the damages
awarded by the jury properly recoverable under Section 21.044 of the Texas Property
Code; and (3) did the trial court abuse its discretion in admitting the Read’s testimony
and denying additional instructions to the jury?

      All parties having agreed to the effect of having filed the second proceeding, and there being
an issue of law properly presented to this court in this appeal, the resolution of which can and will
impact the parties, it can hardly be said that the issue presented of the propriety of the trial court
dismissing the condemnation proceeding is moot. Further, the parties have resolved the effect of
the second proceeding on this one. Therefore, equity requires that we allow the parties to enjoy
the benefits of their agreement, even if there may be some unforseen or unintended consequences. 
There is no insurmountable legal obstacle imposed by the existence of the second proceeding. I
have no doubt that the trial court and the parties, upon issuance of our opinion, would be able to
appropriately resolve any issues that may arise.
CONCLUSION
      For the reasons stated, I would reverse the trial court’s judgment dismissing the condemnation
proceedings, awarding damages on the dismissal of the condemnation petition, and for wrongful
possession.
 
                                                                               TOM GRAY
                                                                               Justice

Dissenting opinion delivered and filed January 9, 2002
Publish