**PINNACLE GAS TREATING, INC., Appellant,**

v.

**Raymond Michael READ, Mark William Read, Owners, and Thomas I. Fetzer, II, Lienholder, Appellees.**

No. 10–00–00200–CV.

Court of Appeals of Texas, Waco.

June 9, 2004.

E. Robert Human, Celia S. Flowers, Flowers Davis, P.L.L.C., Tyler, for appellant.

Karl C. Hoppess, Karl C. Hoppess & Assoc., P.C., Houston, Jack B. Ellison, Buffalo, Joe B. Cannon, Cannon & Simmons, Groesbeck, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION AFTER REMAND

BILL VANCE, Justice.

This condemnation case is on remand from the Texas Supreme Court. Appellant, Pinnacle Gas Treating, Inc. ("Pinnacle"), a gas utility, is the condemnor. Appellees are the landowner-condemnees, Raymond Read and Mark Read.

Pinnacle brought this appeal, asserting (1) its condemnation proceeding should not have been dismissed for want of jurisdiction; (2) evidence of lost profits was improperly admitted; (3) the jury should not have been charged on lost profits; and (4) the court erroneously refused questions and instructions requested by Pinnacle. We held that the jurisdictional argument was moot because there had been a second, later condemnation proceeding, voluntarily filed by Pinnacle and agreed to by the Reads, whereby Pinnacle had gained possession of the easement it requested. *Pinnacle Gas Treating, Inc. v. Read,* 69 S.W.3d 240, 244 (Tex.App.-Waco 2002), *rev'd,* 104 S.W.3d 544 (Tex.2003). We also held there was no error in admitting evidence or in the charge. *Id.* at 246. Thus, we affirmed the judgment. *Id.* The Supreme Court disagreed with our decision about mootness and remanded the case to us "to consider Pinnacle's claims that the trial court erred in dismissing the first condemnation proceeding." *Pinnacle Gas Treating, Inc. v. Read,* 104 S.W.3d 544, 546 (Tex.2003). Thus, we now consider whether the trial court correctly determined that it had no jurisdiction over the first condemnation.

## PLEA TO THE JURISDICTION AND MOTION TO DISMISS

Pinnacle filed eight condemnation petitions with the district clerk in Leon County at the same time. Tex. Prop.Code Ann. § 21.013(c) (Vernon 2004). Following the statute, the clerk filed the petitions on a rotating basis in the three district courts in the county that the clerk served. *Id.* § 21.013(d) (Vernon 2004). This proceed-

ing and one other were filed in the 278th District Court, whose elected judge was Jerry A. Sandel; three were filed in the 12th District Court, whose elected judge was William L. McAdams; three were filed in the 87th District Court, whose elected judge was Sam B. Bournias. Pinnacle then presented eight orders to Judge Bournias, who appointed the same three individuals as the special commissioners in each case. The commissioners took the oath and gave notice of the hearing. *Id.* §§ 21.014–.016 (Vernon 2004). Appellees appeared at the hearing before the commissioners and presented evidence.

After Pinnacle objected to the award, Appellees urged that appointment of the three commissioners by a judge other than the regular elected judge of the court to which the proceeding was assigned effectively circumvented the requirement of section 21.013(d) that cases be assigned among the district courts on a rotating basis and violated section 21.014(a), which requires that the "judge of a court in which a condemnation petition is filed or to which an eminent domain case is assigned shall appoint three ... special commissioners." *Id.* §§ 21.013(d), 21.014(a).

Judge Sandel heard the motion to dismiss in August 1999 and signed an Order dismissing the condemnation proceeding, dissolving the writ of possession that had been issued after the commissioners' hearing and award, and ordering a trial to determine Appellees' damages, attorney's fees, costs, and expenses. *Id.* § 21.044 (Vernon 2000).

Pinnacle filed an appeal, asserting that the condemnation proceeding should not have been dismissed for want of jurisdiction. We dismissed that appeal as interlocutory. *Pinnacle Gas Treating, Inc. v. Read,* 13 S.W.3d 126, 127 (Tex.App.-Waco 2000, no pet.).

In April 2000, a jury awarded $63,462.50 in attorney's fees, $3,413.65 in expenses, $2,550.00 in physical damages to the property, and $34,872.42 in damages from loss of use of the property ("lost profits"). The parties had agreed that the time period for damages in this trial was from the date of the first writ of possession to the date of the second writ, during which Pinnacle occupied the property under the disputed first writ.

Pinnacle advances several arguments about why Judge Sandel erred—all based on the foundation that district judges are permitted to exchange benches. Article V, section 11 of the Constitution provides that "the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law." TEX. CONST. art. V, § 11. Section 24.017(d) of the Government Code, which applies to multi-county district courts, provides: "A district judge who is assigned to preside in a court of another judicial district or is presiding in exchange or at the request of the regular judge of the court may, in the manner provided by this section for the regular judge, hear, determine, and enter the orders, judgments, and decrees in a case that is pending for trial or has been tried before the visiting judge." TEX. GOV'T CODE ANN. § 24.017(d) (Vernon 2004).

Section 21.013(d) of the Property Code provides: "District and county clerks shall assign an equal number of eminent domain cases in rotation to each court with jurisdiction that the clerk serves." TEX. PROP. CODE ANN. § 21.013(d). Section 21.014(a) provides: "The judge of a court in which a condemnation petition is filed or to which an eminent domain case is assigned shall appoint three disinterested freeholders who reside in the county as special commissioners to assess the damages of the

owner of the property being condemned." *Id.* § 21.014(a).

Pinnacle argues that any interpretation of section 21.014(a) of the Property Code that fails to recognize Judge Bournias's authority to appoint the commissioners would necessarily create a conflict between the legislatively mandated "rotation" provision for condemnation proceedings and these "exchange of benches" provisions. The Reads argue that the condemnation statutes benefit the landowner and must be strictly followed to avoid constitutional implications.[1]

■ We need not decide whether trial judges may act for one another generally in appointing special commissioners, because in this case District Judge Sandel, in whose court the petition was filed, has determined that Judge Bournias did not act for him. He impliedly found that there was no constitutional "exchange" of benches. TEX. CONST. art. V, § 11 (may *exchange* districts, or hold courts for each other when *they* may deem it expedient) (emphasis added).

He also found there was no statutory "request of the regular judge" for another judge to act in appointing the commissioners.[2] TEX. GOV'T CODE ANN. § 24.017(d). Furthermore, section 24.017(d) of the Government Code is a general statute and section 21.014(a) of the Property Code is a statute specifically relating to condemnation proceedings, and a traditional statutory construction principle is that the more specific statute controls over the more general. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 901 (Tex.2000); *see*

*also Vela v. Waco Indep. Sch. Dist.,* 69 S.W.3d 695, 701 (Tex.App.-Waco 2002, pet. withdrawn agr.).

■ Finally, Rule 330(e) of the Rules of Civil Procedure, which Pinnacle points to as authority for Judge Bournias to appoint the special commissioners, cannot be the basis for overturning Judge Sandel's order. Such an interpretation of the procedural rule would conflict with section 21.014(a) of the Property Code, which specifically provides that the judge of the court to which the case is assigned shall appoint the special commissioners. "Of course, a statute controls over a procedural rule." *In re Chu,* 134 S.W.3d 459, 465 (Tex.App.-Waco 2004, no pet. h.).

Pinnacle says that Judge Sandel's order "threatens to irreparably damage the condemnation procedures for the entire state." We believe, however, that overturning the order would render the rotation statute meaningless because the elected judge would be denied control of the appointment process in his own court—a result the legislature could not have intended. Pinnacle also says that the error, if any, was procedural and remediable by a trial on the merits in the district court. The parties agree that a condemnation proceeding is administrative in nature from the filing of the petition until a party files objections to the commissioners' award, at which time it becomes a judicial proceeding. TEX. PROP.CODE ANN. §§ 21.014, 21.015, 21.018 (Vernon 2004).

---

**1.** Condemnees' authorities include *State v. Bristol Hotel Asset Co.,* 65 S.W.3d 638, 640 (Tex.2001) ("Proceedings to condemn land are special in character, and the party attempting to establish its right to condemn must show strict compliance with the law authorizing private property to be taken for public use."), and *John v. State,* 826 S.W.2d

138, 140 (Tex.1992). In a letter-brief, they also call our attention to *State v. PR Investments and Specialty Retailers, Inc.,* 132 S.W.3d 55 (Tex. App.-Houston [14th Dist.] 2004, no pet. h.).

**2.** It is undisputed that there was no assignment of Judge Bournias by a presiding judge.

■ An administrative order made without authority is void. *Chocolate Bayou Water Co. and Sand Supply v. Texas Natural Resource Conservation Comm.,* 124 S.W.3d 844, 853 (Tex.App.-Austin 2003, pet. filed) (An agency order may be void in the requisite sense on either of two grounds: 1) the order shows on its face that the agency exceeded its authority, or 2) a complainant shows that the order was procured by extrinsic fraud.); *In re Rio Grande Valley Gas Co.,* 987 S.W.2d 167, 179–80 (Tex.App.-Corpus Christi 1999, orig. proceeding) (local rules provided no authority to the local administrative judge to unilaterally transfer cases; transfer order was void).

We have previously held a condemnation proceeding void where three special commissioners not named in the order held a hearing and awarded damages and the condemnor thereafter entered on the land. *Matador Pipelines, Inc. v. Watson,* 626 S.W.2d 139, 140 (Tex.App.-Waco 1981, writ ref'd n.r.e.). In affirming an award of damages for trespass, we noted that the condemnation statutes must be strictly followed and that they exist for the benefit of the landowner. *See id.; see also Seiler v. Intrastate Gathering Corp.,* 730 S.W.2d 133 (Tex.App.-San Antonio 1987, no writ), *overruled on other grounds, Schumann v. City of Schertz,* 100 S.W.3d 361 (Tex.App.-San Antonio 2002, no pet.). The special commissioners here had no more authority than those in *Watson.*

Pinnacle solicited the order from Judge Bournias in violation of the rotation stat-ute. It should not be heard to complain about the results of its own acts.

We overrule Pinnacle's jurisdictional argument. In view of the limited remand, we do not further address the issues concerning damages or the court's charge to the jury.

## CONCLUSION

Judge Sandel determined that Judge Bournias had not exchanged benches with him, held court for him, or acted at his request. In view of such a determination by the regularly elected judge of the court in which the proceeding was filed, we find no basis on which to overturn his ruling. We affirm the judgment.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting opinion after remand[1]

This is a condemnation case. The principle issue the parties contend we must resolve is whether a duly elected district judge serving the county in which the case is filed can appoint condemnation commissioners, rather than the judge that is elected to the court to which the case is assigned. I disagree that this is the issue. There is a more narrow issue on which this case can be resolved. The issue is whether the appointment of condemnation commissioners by one elected judge for a case pending in another court is properly dismissed rather than simply proceeding to trial on the objections filed by the parties to the damages awarded by the appointed commissioners.

---

1. For the most part, this is the same dissenting opinion I filed in response to the majority's earlier opinion. It was unnecessary, however, to include the portion of the earlier dissenting opinion arguing the issues were not moot and that we should address the merits of the party's complaints. *Pinnacle Gas Treating v. Read,* 69 S.W.3d 240, 246–250

(Tex.App.-Waco 2002)(Gray, J., dissenting), *rev'd,* 104 S.W.3d 544 (Tex.2003). The Texas Supreme Court has reversed the majority's earlier opinion; so now we proceed to the merits, although the majority has raised a new issue that I will briefly address regarding implied findings.

## BACKGROUND

In this case, Pinnacle sought to condemn an easement for a natural gas pipeline. The condemnation petition was filed with the district clerk who assigned it on a rotational basis to one of the district courts in Leon County. Pinnacle took the petition to the duly elected judge of one of the other district courts in Leon County, ostensibly upon the belief that any judge elected to any district court in Leon County could appoint the condemnation commissioners. Whereupon the judge, purporting to act as the judge of the court to which the case was assigned under the transfer of benches provisions of the constitution, statutes, rules, and local practice, appointed three condemnation commissioners to hear the matter for the purposes of determining damages. TEX. PROP.CODE ANN. § 21.014 (Vernon 1984).

The three commissioners noticed a hearing and, with all parties in attendance, proceeded to decide the issue of compensation due the landowners (Read). The commissioners duly made an award and returned it to the trial court. Pinnacle filed an objection to the award.

Read filed a plea to the jurisdiction, arguing that the trial court did not have jurisdiction of the condemnation case because the commissioners were not lawfully appointed and therefore the condemnation proceeding was void. The landowners also sought damages for the wrongful entry upon their property under the writ of possession obtained by Pinnacle by paying the amount of the commissioner's award into the registry of the court. TEX. PROP.CODE ANN. § 21.021 (Vernon 1984).

The trial court granted the plea to the jurisdiction thereby dismissing the condemnation proceeding and tried the claim for damages. Pinnacle appeals.

## CONDEMNATION PROCEEDINGS

Condemnation proceedings are for the protection of the landowner from having his property taken for a public use without adequate compensation in violation of the Texas Constitution. TEX. CONST. art. I, § 17. The principle that I believe controls this case was first expressed by the Supreme Court of Texas in 1894. The landowner, which happened to be a railroad, claimed that the commissioners appointed were disqualified because they were not disinterested and therefore their appointment, and thus their award, was void. The Supreme Court held:

Under the law, the award could not be made the judgment of the court until after the expiration of 10 days from the time it was returned into court, and, during that time, plaintiff, by filing objections to it, would have been entitled to a trial de novo before a jury, by which objections it would have set aside the award, and thus have secured ample protection before the county court, with the right of appeal to the court of appeals if its rights were not fully protected by the judgment of the county court. Having failed to avail itself of so simple and effective a remedy, we see no reason why the rules of law by which such proceedings are held to be binding upon parties to them, when duly notified, should be departed from, and a collateral attack allowed to be made upon the proceedings of a court of competent jurisdiction. There is no error in the judgment of the district court or the court of appeals, and the judgments of those courts are affirmed.

*Gulf, C. & S. F. Ry. Co. v. Ft. Worth & R.G. Ry. Co.*, 86 Tex. 537, 26 S.W. 54, 60 (1894).

*Gulf* addressed a collateral attack on the judgment arguing that it was void because the commissioners were disqualified. This

is essentially the same as the attack by Read in this case. Read contends that because they were not lawfully appointed, the commissioners actions were void, and thus, Pinnacle's objection to the award did not vest the trial court with jurisdiction to hear the condemnation suit. The Supreme Court rejected the idea that the commissioners actions were void and held that the trial de novo before a jury, which thus prevented the award by these allegedly disqualified commissioners from being entered as the judgment of the court, secured ample protection for the landowner.

In 1935 the Supreme Court had the opportunity to reexamine the issue of the effect of the appointment of commissioners in violation of the condemnation statutes. The condemnation statutes, then as now, required the appointment of commissioners agreed upon by the parties. The county judge had failed to assign the commissioners agreed to by the parties. The Court held as follows:

By cross-assignment defendant complains of the action of the county judge in appointing certain commissioners, after he and a representative of the railway company had agreed upon certain other parties to be appointed. If this was erroneous, we do not think it was sufficient to invalidate the whole proceeding, and as defendant has full opportunity to contest the award of the commissioners on the question of damages, we do not see how he can be injured.

*Fort Worth & D. N. Ry. Co. v. Johnson*, 125 Tex. 634, 84 S.W.2d 232, 234 (1935). Thus, again, the Supreme Court held that defects in the appointment of the commissioners did not invalidate the proceeding. The de novo trial after the commissioner's award was considered the appropriate manner of correcting the defect, if any.

The Galveston Court of Civil Appeals ruled on a related issue in a direct appeal of a dismissal of an award because only two of the commissioners had attended the hearing. After an objection to the award was filed, the landowner requested that the trial court dismiss the condemnation proceeding. The trial court dismissed the case and the condemning authority appealed. The court held:

Under the above authorities the judgment of the trial court dismissing this case must, we think, be reversed and the cause remanded to the County Court at Law of Harris County, with instruction to the Judge thereof to proceed to trial in the condemnation suits so consolidated.

*City of Houston v. Stovall*, 249 S.W.2d 246, 248 (Tex.Civ.App.-Galveston 1952, writ ref'd n.r.e.). These holdings are consistent with the Supreme Court's later holding that "The right of appeal [by trial de novo] affords petitioner an adequate remedy for anything that may occur in the condemnation proceedings up to and including the award of the special commissioners." *Tonahill v. Gulf States Utilities Co.*, 446 S.W.2d 301, 302 (Tex.1969); *see also City of Bryan v. Moehlman*, 155 Tex. 45, 282 S.W.2d 687, 689 (1955)("We therefore hold that the respondents had an adequate remedy at law [by trial de novo] in the county court and by appeal therefrom."); *Jefferson County Drainage Dist. No. 6 v. Gulf Oil Corp.*, 437 S.W.2d 415, 420 (Tex.Civ. App.-Beaumont 1969, no writ)(" . . . having participated in the hearing [before the condemnation commissioners] and having appealed [by trial de novo] to the County Court at Law, all matters were properly before that court . . .").

The cases of *Walling v. State*, 394 S.W.2d 38 (Tex.Civ.App.-Waco 1965, writ ref'd n.r.e.) and *Matador Pipelines, Inc. v. Watson*, 626 S.W.2d 139 (Tex.App.-Waco

1981, writ ref'd n.r.e.) are easily distinguishable. In both cases, two sets of three commissioners were appointed. In both cases it was the second set of commissioners that attempted to make the condemnation award. In both cases this court held that the second set of commissioners were nothing more than strangers to the proceeding and that their purported awards had no effect. In neither one of these two cases was the entire proceeding dismissed as argued for by Read. And in both cases the court expressed the opinion that it was proper to go forward in the pending condemnation proceeding. The underlying condemnation cases were not dismissed, therefore, it was unnecessary to file new condemnation proceedings as Read argues is required for a defect in the appointment process.

Accordingly, I would hold that by taking an appeal by trial de novo to the district court by objecting to the condemnation commissioners' award, the parties were in the proper procedural posture to proceed to a jury trial on the issue of the fair market value of the property taken by Pinnacle for a natural gas pipeline easement across Read's property and damages to the remainder. Accordingly, the trial court erred in dismissing the condemnation suit and proceeding to a trial on the claim for damages for wrongful entry upon and possession of Read's property. Because the majority holds otherwise, I respectfully dissent.

## IMPLIED FINDINGS

The majority relies heavily on their determination that Judge Sandel "impliedly found that there was no constitutional 'exchange' of benches." Maj. op. at 168. The determination of this implied finding is supported by the same evidence against it. Judge Bournias impliedly found that under the system in place in Leon County, with

multiple overlapping district courts, he was authorized to sit for Judge Sandel. Judge Sandel's subsequent holding to the contrary is not entitled to the weight the majority gives it.

## CONCLUSION

For the reasons stated, I would reverse the trial court's judgment. Because the majority affirms the judgment, I respectfully dissent.