IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 13, 2000 On-Briefs

## JERRY L. LUSTER v. ALAN BARGERY, et al

**A Direct Appeal from the Circuit Court for Hardeman County**
**No. 9196     The Honorable Jon Kerry Blackwood, Judge**

_____

**No. W2000-00022-COA-R3-CV - Filed December 28, 2000**

_____

Prisoner filed petition for habeas corpus alleging that he received an amended sentence of six years for drug violation instead of the original eight-year sentence with probation. Petitioner alleges that upon revocation of probation, he was ordered to serve the eight-year sentence instead of the six-year amended sentence. The trial court dismissed the petition, and petitioner has appealed.

**Tenn.R.App.P. 3;Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Jerry Luster, Pro Se

Tom Anderson, Jackson, For Appellee Alan Bargery

**OPINION**

Jerry Luster, ("Petitioner"), filed a petition for habeas corpus alleging that he was arrested and charged with the sale of a controlled substance (cocaine) and, subsequently, by a plea bargain agreement on or about January 17, 1996, was sentenced to eight years in the Tennessee Department of Correction ("TDOC") for a Class B Felony, Range 1 Standard Offender at thirty percent. He alleges that he filed two petitions for post-conviction relief alleging that the sentence and conviction were illegal, after a lab report showing that the amount of drugs involved was less than .5 grams constituting a Class C Felony instead of a Class B Felony. Petitioner further alleges that the State had agreed to:  set aside the original sentence; allow him to plead guilty to a six-year sentence for a Class C Felony, Range 1, Standard Offender at thirty percent; suspend the sentence and place him on six-year probation. Petitioner was released on probation on or about September 27, 1997,  and his probation officer advised him that he was on probation for a period of six years, less time served of approximately 750 days.

The petition further alleges that on or about June 4, 1998, the probation officer filed an affidavit with the sentencing court concerning violations of Luster's probation. Petitioner alleges that his probation was revoked, and he was ordered to serve a sentence of eight years in the Coffee County Jail. The petition alleges that a counselor at the Hardeman County Correctional Facility informed him that he was serving an eight-year sentence instead of a six-year sentence. Petitioner alleges constitutional violations, both under the United States Constitution and the Tennessee Constitution, and seeks an order granting all relief to which he is entitled. Attached to the petition as exhibits are copies of the various orders referred to above.

On November 16, 1999, the trial court filed an order stating:

> This cause came to be heard before the Honorable Jon Kerry Blackwood, Judge of the Circuit Court of Hardeman County, Tennessee, on the 10th day of November 1999, upon the Petition for Writ of Habeas Corpus filed by the petitioner in this cause and a review of the entire record.
>
> And it appearing to the Court that the petition for Writ of Habeas Corpus fails to state a cause upon which relief can be granted and should be dismissed.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the Petition for Writ of Habeas Corpus be, and is, hereby, dismissed.

Petitioner has appealed, and the only issue for review is whether the trial court erred in dismissing the petition for writ of habeas corpus.

A motion to dismiss for failure to state a claim upon which relief can be granted is the equivalent of a demurrer under our former common law procedure; thus, it is a test of the sufficiency of the leading pleading. *Cornpropst v. Sloan*, 528 S.W.2d 188, 190, 93 ALR3d 979 (Tenn. 1975); *Humphries v. Westend Terrace, Inc.*, 795 S.W.2d 128 (Tenn. Ct. App. 1990).

The complaint and exhibits reveal that the Petitioner was originally sentenced for the offense of sale of a controlled substance (cocaine) pursuant to T.C.A. § 39-17-417, as a Class B Felony, standard thirty percent, Range 1, to eight years in TDOC. After filing a post-conviction relief petition, an amended sentencing judgment was entered on September 25, 1997 for the offense of sale of controlled substance (cocaine) less than .5 grams, a Class C Felony, Range 2 multiple offender at 35 percent. Petitioner was sentenced to eight years in the county jail with probation for six years. The probation order, entered September 30, 1997, specifically states that Petitioner was sentenced to serve a term of eight years in the county jail, that the sentence was suspended, and that Petitioner be placed on probation for a period of six years.

Under Article I, Sec. 15 of the Tennessee Constitution, a petitioner may contest a void or illegal confinement at any time during the period of incarceration by bringing a petition for a writ of habeas corpus. *See Archer v. State*, 851 S.W.2d 157 (Tenn. 1993). In *Archer*, the Court said:

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Id.* at 164.

Thus, in Tennessee, the writ of habeas corpus is limited in scope and in relief. *See State v. Richey*, 20 S.W.3d 624 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998).

A void or illegal judgment is one which is facially invalid, because the court rendering the judgment lacked the proper statutory authority, whereas a voidable judgment is facially valid and requires proof in addition to the record or judgment to show that it is voidable. *See Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). In *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994), the Court said:

> A judgment of a court of general jurisdiction is presumed to be valid. This presumption is said to be conclusive unless the judgment is impeached by the record. If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief.

*Id.* at 627.

An evidentiary hearing is not required for every petition for writ of habeas corpus. Unless the allegations of the petition establish the void character of the judgment, the evidentiary hearing is not warranted. *See Russell v. Willis*, 222 Tenn. 491, 437 S.W.2d 419 (1969); *State ex. rel Byrd v. Bomar*, 214 Tenn. 476, 381 S.W.2d 280 (1964).

In the case at bar, it does not appear on the face of the record that the convicting court was without jurisdiction to enter the judgment, nor does it appear on the face of the record that Petitioner's sentence of imprisonment has expired. Accordingly, the order of the trial court dismissing the petition is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed to Petitioner, Jerry L. Luster, for which execution may issue, if necessary.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S

.