**PINNACLE GAS TREATING, INC., Appellant,**

v.

**Raymond Michael READ, Mark William Read, Owners, and Thomas I. Fetzer, II, Lienholder, Appellees.**

**No. 10–99–257–CV.**

Court of Appeals of Texas, Waco.

Feb. 2, 2000.

Celia S. Flowers, Flowers, Davis, Fraser, Derryberry & Van Cleef, L.L.P., Tyler, for appellant.

Karl C. Hoppess, Karl C. Hoppess & Associates, Houston, Jack B. Ellison, Buffalo, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

This is an appeal arising from a condemnation suit. Pinnacle Gas Treating, Inc. (Pinnacle) filed several condemnation suits in Leon County. Because Leon County is in three judicial districts, the clerk rotated the petitions among them. Tex. Prop.Code Ann. § 21.013(d) (Vernon Supp.1999). The District Clerk assigned the petition in this case to the 278th District Court. Judge Sam Bournias of the 87th District Court appointed special commissioners who gave notice, held a hearing, and made an award of damages to the condemnees (appellees in this appeal). Pinnacle "appealed" from the award. After Pinnacle deposited the amount of the award, Judge Bournias signed an order granting it a writ of possession. The condemnees then filed a plea to the jurisdiction and a motion to dismiss, asserting that the appointment of the special commissioners by Judge Bournias was void. Judge Jerry Sandel of the 278th District Court dismissed the condemnation proceedings and directed the cause to proceed to trial on the condemnees' counterclaims. Pinnacle attempts to challenge Judge Sandel's order through this direct appeal.

■ Pinnacle asserts that we have jurisdiction under Section 51.014(a)(4) of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(4) (Vernon Supp.1999). Section 51.014(a)(4) states:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that: ...

(4) grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65;[1]

....

*Id.*

■ Generally, appeals may be taken only from final orders or judgments. *See*

*Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). Interlocutory orders may be appealed only if permitted by statute. *Id.* Although Judge Sandel's order dismisses the condemnation proceedings, it also directs that the matter proceed to trial on remaining issues. We do not believe that the order is an appealable temporary injunction or order dissolving a temporary injunction. Nor is it one which disposes of all parties and issues, so as to be final. *See id.* Accordingly, we have no choice but to dismiss this appeal.

■ Pinnacle asserts in its brief that an alternative basis for granting relief would be to issue a writ of mandamus. Pinnacle has cited no authority, nor have we found any, to suggest that mandamus relief may be sought alternatively in a direct appeal. A petition for a writ of mandamus commences an original proceeding that is governed by different rules than the rules governing direct appeals. *See* Tex.R.App. P. 52. We will not entertain this request.

This cause is dismissed for want of jurisdiction.

---

1. Chapter 65 deals solely with injunctions. Tex. Civ. Prac. & Rem.Code Ann. §§ 65.001–.045 (Vernon 1997).