**PINNACLE GAS TREATING, INC., Petitioner,**

v.

**Raymond Michael READ, Mark William Read and Thomas I. Fetzer, II, Respondent.**

No. 02–0169.

Supreme Court of Texas.

April 17, 2003.

Edward Robert Human, Celia C. Flowers, Flowers Davis, PLLC, William Dean Farrar, Tyler, for Petitioner.

Joe Cannon, Cannon & Simmons, Groesbeck, Jack Bennett Ellison, Buffalo, Daniel P. Meanor, Karl C. Hoppess, Karl C. Hoppess & Associates, P.C., Houston, for Respondent.

PER CURIAM.

We deny Raymond Michael Read and Mark William Read's motion for rehearing. We withdraw our opinion of March 6, 2003, and substitute the following in its place.

In this condemnation case, Pinnacle Gas Treating, Inc. sought to obtain a permanent utility easement and a temporary construction easement on property owned by

Raymond and Mark Read and mortgaged to Thomas Fetzer II (collectively "the Reads"). Pinnacle obtained a writ of possession for the easements and constructed a pipeline. About two years later, the trial court granted the Reads' motion to dismiss the condemnation proceeding, voiding the writ of possession and ordering the case to proceed to trial on the Reads' claim for damages pursuant to sections 21.019(c) and 21.044 of the Texas Property Code for Pinnacle's alleged wrongful condemnation and possession of their property. Pinnacle sought to appeal the dismissal of the condemnation proceeding, but the court of appeals dismissed the appeal for want of jurisdiction, concluding it was interlocutory.[1] Shortly before trial on the Reads' damages claim, Pinnacle instituted a second condemnation proceeding and obtained a second writ of possession for the easements. The Reads did not contest the writ of possession in the second proceeding, which remains pending in district court because Pinnacle objected to the amount the commissioners awarded the Reads for the easements. Meanwhile, a jury trial was held in the first condemnation proceeding to determine the Reads' damages for wrongful condemnation during the period of time between when the first and second writs of possession were issued. The trial court rendered judgment on the jury verdict awarding the Reads $110,183.36 in damages, expenses, attorney's fees and interest.

Pinnacle appealed the judgment in the first condemnation proceeding, contending that the trial court erred in dismissing that proceeding and voiding its original writ of possession. The court of appeals, with one justice dissenting, declined to reach the merits of that issue on mootness and equi-ty grounds. The court of appeals reasoned that proceeding with a second condemnation proceeding before the first one was resolved mooted the question of whether Pinnacle was entitled to possession of the easements in the first condemnation proceeding and created a "potential quagmire" of "legal difficulties" for the Reads "in attempting to collect damages for harm associated with the period of time between the two writs" such that equity weighed against resolving the issue.[2] We disagree. Because disposition of the dismissal issue would, at a minimum, affect Pinnacle's and the Reads' respective rights and obligations under the $110,183.36 judgment, the dismissal issue is not moot, and the court of appeals should have considered it.

Subject to some exceptions, a case becomes moot when a court's actions cannot affect the rights of the parties.[3] In this case, dismissal of the first condemnation proceeding invalidated Pinnacle's original writ of possession and gave rise to the Reads' wrongful condemnation and possession claims and an award of $110,183.36 in damages against Pinnacle. But if the trial court erred in dismissing the first condemnation proceeding, then Pinnacle was legally entitled to possession of the easements and would not owe the Reads $110,183.36 for wrongful condemnation and possession. On the other hand, if the trial court did not err, the Reads are entitled to pursue the judgment rendered in this case. Because an appellate court's action in either affirming or reversing the trial court's dismissal order would affect substantial rights of the parties involving at least $110,183.36, there is a live issue in controversy—namely,

**1.** 13 S.W.3d 126, 127.

**2.** 69 S.W.3d 240, 243–44.

**3.** *VE Corp. v. Ernst & Young,* 860 S.W.2d 83, 84 (Tex.1993).

whether the trial court erred in dismissing the first condemnation proceeding.

Accordingly, without hearing oral argument,[4] we reverse and remand this matter to the court of appeals to consider Pinnacle's claims that the trial court erred in dismissing the first condemnation proceeding.