Opinion issued July 14, 2005 










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01320-CV




HOARD GAINER INDUSTRY CO., LTD., Appellant

V.

TIMOTHY J. GOLLIN AND ICO, INC., Appellees




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2002-13080-A




          MEMORANDUM OPINION

          Appellant, Hoard Gainer Industry Co., Ltd., presents two issues in which it
challenges the trial court’s order dissolving a writ of garnishment and the trial court’s
failure to file findings of fact and conclusions of law in support of that ruling. In
addition to its appellee’s brief, Timothy J. Gollin has filed a motion to dismiss the
appeal for lack of jurisdiction on the grounds that the issues in controversy have
become moot. We agree and dismiss the cause for lack of jurisdiction.
Background
          This appeal, which is premised on the trial court’s September 30, 2003 order
dissolving a writ of garnishment in Hoard Gainer’s favor, relates to another appeal
in this Court, Cause No. 01-03-00435-CV, Timothy J. Gollin v. Hoard Gainer
Industry Co., Ltd.. In Cause No. 01-03-00435-CV, Gollin challenged the trial court’s
January 30, 2003 judgment awarding Hoard Gainer $898,000 in damages. On
January 20, 2005, this Court issued an opinion that reversed the trial court’s judgment
of January 30, 2003 and rendered judgment that Hoard Gainer take nothing from
Gollin. Gollin v. Hoard Gainer Indus. Co., Ltd., No. 01-03-00435-CV (Tex.
App.—Houston [1st Dist.] Jan. 20, 2005) (memo op.).
          On March 3, 2005, Hoard Gainer sought review of our opinion and judgment
of January 20, 2005 by filing a petition for review in the Supreme Court of Texas. 
The supreme court denied review on May 13, 2005, and Hoard Gainer filed a motion
for rehearing on May 31, 2005. On July 8, 2005, the supreme court denied rehearing. 
Accordingly, all deadlines for further appellate review of the related cause have
passed.
 

No Jurisdiction Over Moot Controversy
          An actual, live controversy between the parties is required for subject-matter
jurisdiction. See Pinnacle Gas Treating, Inc. v. Read, 104 S.W.3d 544, 545 (Tex.
2003). Absence of mootness is a component of subject-matter jurisdiction. See Speer
v. Presbyterian Children’s Home & Serv. Agency, 847 S.W.2d 227, 229 (Tex. 1993). 
If the controversy between the parties becomes moot, it is no longer live; this destroys
subject-matter jurisdiction, and any ruling by the court is impermissibly advisory and
therefore void. See Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex.
2000). Lack of mootness is a component of justiciability and is rooted in the
prohibition against advisory opinions, which is based, in turn, in the separation-of-powers doctrine. Patterson v. Planned Parenthood, 971 S.W.2d 439, 442–43 (Tex.
1998) (citing Tex. Const. arts. II , § 1, IV, §§ 1, 22, V, § 8).
          A case becomes moot if a live controversy ceases to exist, if the parties lack a
legally cognizable interest in the outcome, or if the trial court’s actions cannot affect
the parties’ rights. See Pinnacle Gas Treating, Inc., 104 S.W.3d at 545; Williams v.
Lara, 52 S.W.3d 171, 184 (Tex. 2001); Nat’l Collegiate Athletic Ass’n v. Jones, 1
S.W.3d 83, 86 (Tex. 1999). A case becomes moot when the initial controversy
between the parties ceases. Nat. Collegiate Athletic Ass’n, 1 S.W.3d at 86. This may
occur at any stage of the litigation, including appeal, as here. See id. Appellate
courts may not decide moot controversies. Id. The test for mootness is whether the
court’s action on the merits would affect the parties’ rights. See Pinnacle Gas
Treating, Inc., 104 S.W.3d at 545. 
          Gollin has moved this Court to dismiss this appeal, pursuant to rule 42.3(a) of
the Rules of Appellate Procedure on the grounds that the issues involved in the trial
court’s order dissolving the writ of garnishment, which Hoard Gainer challenges in
this appeal, have been rendered moot because of our opinion and judgment of January
20, 2005 in Cause No. 01-03-00435-CV. We agree. 
          The trial-court judgment challenged in Cause No. 01-03-00435-CV awarded
Hoard Gainer $898,000 in damages. The order challenged in this appeal dissolved
the writ of garnishment and dismissed the garnishment proceedings relating to that
judgment. Because we rendered a take-nothing judgment in favor of Gollin by our
opinion and judgment of January 20, 2003 in Cause No. 01-03-00435-CV, in which
the Supreme Court of Texas has denied Hoard Gainer’s petition for review,


 the
issues in controversy between Hoard Gainer, Gollin, and Ico, Inc., are no longer live. 
Because those issues are no longer live, Hoard Gainer is no longer entitled to the
garnishment that Hoard Gainer has attempted to reinstate in this cause by challenging
the trial court’s order of dissolution. Thus, any action by this Court on the merits of
the garnishment controversy could not affect the rights of any of the parties. See
Pinnacle Gas Treating, Inc., 104 S.W.3d at 545. Accordingly, the issues are no
longer live, but moot, and any opinion that we might issue would be advisory and
therefore void. See id.; Valley Baptist Med. Ctr., 33 S.W.3d at 822. Because the
garnishment issues are no longer live, we hold that there is no longer a live
controversy in this cause, which is, therefore, moot. 
          Because we have no jurisdiction over a moot controversy, we must dismiss this
cause. See Valley Baptist Med. Ctr., 33 S.W.3d at 822. 
Conclusion
          We dismiss this cause for lack of jurisdiction and deny all remaining pending
motions as moot. 



                                                             Elsa Alcala
                                                             Justice


Panel consists of Justices Taft, Alcala, and Higley.