Supplemental Opinion on Rehearing issued September 21, 2006














In The
Court of Appeals
For The
First District of Texas




NO. 01–04–01097–CV




CHRISTOPHER HAMLETT, Appellant

V.

JANICE HAMLETT AND ATTORNEY GENERAL OF TEXAS, Appellees




On Appeal from the 245th District Court 
Harris County, Texas
Trial Court Cause No. 2004-011856
 



SUPPLEMENTAL MEMORANDUM OPINION
ON MOTION FOR REHEARING

          In our memorandum opinion issued February 2, 2006, we dismissed
appellant’s, Christopher Hamlett’s, appeal because Christopher did not establish that
we had jurisdiction to consider the matter as a conventional appeal, restricted appeal,
or as a petition for writ of mandamus. Although we grant the rehearing motion, we
issue this supplemental opinion on rehearing to explain why our disposition remains
unchanged.
          In his motion for rehearing, Christopher asserts for the first time that the order
signed by the trial court is void, because, as we understand the argument, the trial
court lacked jurisdiction. We normally do not consider an argument raised for the
first time on rehearing. See Malcomson Rd. Util. Dist. v. Newsom, 171 S.W.3d 257,
279 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); McGuire v. Fed. Deposit Ins.
Corp., 561 S.W.2d 213, 216 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ) (op.
on reh’g). However, we consider Christopher’s argument because lack of subject-matter jurisdiction is fundamental error that may be recognized by the appellate court,
sua sponte at any time. See Saudi v. Brieven, 176 S.W.3d 108, 113; (Tex.
App.—Houston [1st Dist.] 2004, pet. denied); Tourneau Houston, Inc. v. Harris
County Appraisal Dist., 24 S.W.3d 907, 910 (Tex. App.—Houston [1st Dist.] 2000,
no pet.)
FACTUAL BACKGROUND
          On April 3, 1990, Janice Hamlett gave birth to a son, D.H. Janice sought and
received financial support for her son from the State of Texas. The State, through the
Attorney General of Texas, brought a suit affecting the parent-child relationship,
cause number 91-28323, in the 245th District Court of Harris County, against
Christopher. Christopher approved an order entered by the district court, adjudicating
him the father of D.H. The trial court did not dissolve Janice’s and Christopher’s
marital relationship.
          More that 12 years later, when Christopher decided to divorce Janice, upon
advice of counsel, Christopher procured a DNA test. The DNA report excluded
Christopher as D.H.’s biological father.
          In March 2004, Christopher filed his original petition for bill of review, cause
number 2004-11856, in the 245th District Court, seeking to have the 1991 order set
aside. The Attorney General of Texas answered, asserting, among other things, the
statute of limitations.
          On June 2, 2004, the associate judge of the 245th District Court heard
Christopher’s original petition for bill of review, and denied it based on the four-year
statute of limitations. On June 22, 2004, before the appeal was heard, the Honorable
Lisa Millard, Judge of the 310th District Court, signed an order denying the petition
for bill of review. The order bore the correct style, including references to the court
as the 245th District Court and the cause number as 2004-11856. The order also
referenced the June 2, 2004 hearing, including the parties’ appearances. 
          According to Christopher’s original brief, on July 16, 2004, the Honorable
Annette Galik, Presiding Judge of the 245th District Court, heard Christopher’s
appeal, affirmed the associate judge’s ruling, and dismissed Christopher’s bill of
review. On September 16, 2004, Christopher filed a notice of appeal, stating his
desire to appeal from “the final judgment in this cause rendered on the 16th day of
July, 2004.”
          In our prior memorandum opinion, we determined that, because there was no
order documenting Judge Galik’s July 16th ruling, the appellate timetable started
running from Judge Millard’s signing of the order denying Christopher’s bill of
review on June 22, 2004, and his notice of appeal would have been due on July 22,
2004. Thus, we held that we were without jurisdiction to consider this matter by way
of conventional appeal.
Jurisdiction
          In his motion for rehearing, Christopher asserts that because Judge Millard did
not hold an evidentiary hearing as required under Texas Family Code, section
201.015(c), prior to adopting the associate judge’s report, Judge Millard’s judgment
“is void due to fundamental error.”


 We interpret this to be a claim challenging the
jurisdiction of the trial court.
          In Latty v. Owens, 907 S.W.2d 484, 485 (Tex. 1995), a case also involving the
appeal of a report establishing a father’s paternity, the supreme court held that signing
an order adopting the master’s report prior to holding a hearing did not deprive the
court of jurisdiction. The court opined that, although the district court should have
held a hearing on the appeal before signing the order, its failure to do so did not
deprive it of jurisdiction to issue the order or make the order void. Id. The court
explained that a judgment is void only when it is clear that the court rendering the
judgment had no jurisdiction over the parties or subject matter, no jurisdiction to
render judgment or no capacity to act as a court. Id. “Mere failure to follow proper
procedure will not render a judgment void.” Id.
          Accordingly, we hold that the failure of the trial court to hold a hearing prior
to issuing a judgment did not render the judgment void.
MANDAMUS
          In his motion for rehearing, appellant again urges us, in the alternative, to treat
his appeal as a petition for a writ of mandamus. Appellant has cited no authority, nor
have we found any, that suggests that mandamus relief may be sought alternatively
in a direct appeal. At least one other court has declined to entertain such a request
holding that “a petition for a writ of mandamus commences an original proceeding
that is governed by different rules than the rules governing direct appeals.” Pinnacle
Gas Treating, Inc. v. Read, 13 S.W.3d 126,127 (Tex. App.—Waco 2000, no pet.) 
We, too, decline to treat an appeal that does not comply with the appropriate appellate
rules governing original proceedings as a petition for writ of mandamus.Conclusion
          We grant the motion for rehearing, but our disposition of the case remains
unchanged. We dismiss the appeal for want of jurisdiction.


 
                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Higley, and Bland.