COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:    Carolyn Calkins James, Individually and as next friend of her elderly mother, Mary Olive Calkins v. Honorable Olen Underwood, Honorable Patrick Sebesta, Fidelity and Deposit Company of Maryland, Richard Stephen Calkins, as agent in fact for Mary Olive Calkins, and Michael Easton, Individually and as assignee of Richard Stephen Calkins

Appellate case number:    01-13-00277-CV

Trial court case number:    2012-51725

Trial court:    80th District Court of Harris County

On April 4, 2013, appellees, Richard Calkins and Michael Easton, filed a motion to dismiss this appeal, arguing that appellant, Carolyn James, had failed to prosecute her appeal by failing to pay for the clerk's record and by engaging in "delay tactics." On April 25, 2013, James filed a "Motion to Dismiss Interlocutory Appeal", requesting that we dismiss her interlocutory appeal as moot because the trial court had signed a final, appealable order. Finally, on June 10, 2013, Calkins and Easton filed another motion to dismiss, arguing that the trial court entered a final judgment, thereby rendering this appeal moot, and requesting that this appeal be dismissed and that James' appeal from the final judgment be docketed under a new cause number. We deny each motion.

James filed her original notice of appeal on December 19, 2012, appealing the trial court's November 30, 2012 order granting dismissal of James' claims against the Honorable Olen Underwood and the Honoroble Patrick Sebesta. On May 31, 2013, James filed a second notice of appeal, appealing the trial court's March 1, 2013 order granting dismissal of James' claims against Fidelity and Deposit Company of Maryland.

Contrary to both parties' assertion, an appeal from an interlocutory order does not become moot merely because the trial court renders a final judgment. Rather, "[s]ubject to some exceptions, a case becomes moot when a court's actions cannot affect the rights of the parties." *Pinnacle Gas Treating, Inc. v. Read*, 104 S.W.3d 544, 545 (Tex. 2003). The November 30, 2012 order dismissed James' claims against appellees Underwood and Sebesta and the March 1, 2013

order dismissed her claims against appellee Fidelity and Deposit Company of Maryland. [1] James does not argue that the March 1, 2013 order reversed, amended, or otherwise affected the November 30, 2013 order. Instead, James states she "will appeal the same issues during her appeal of the trial court's orders, now final, governing the entire underlying matter." Similarly, Calkins and Easton argue that any error in the November order "can be raised in the appeal from the 'final judgment,'" not that the final judgment affected or negated the November order. Therefore, no party presents a basis for concluding that the trial court's March order in any way rendered moot James' appeal from the November order.

Further, the Court acquired jurisdiction over appeals from the trial court's orders in this case when James filed her December 19, 2012 notice of appeal. *See* TEX. R. APP. P. 25.1(b). Because the original appeal is still pending, James' second notice of appeal from the same trial court cause is properly incorporated into the original appeal. *See id.*

Finally, the clerk's record was originally due on December 31, 2012. *See* TEX. R. APP. P. 35.1(b). On April 9, 2013, the Clerk of this Court notified James that this case could be dismissed if James failed to provide proof of paying or making payment arrangements for the clerk's record by April 29, 2013. *See id.* 37.3(b). James has not responded to this notice. Nevertheless, the judgment did not become final until March 1, 2013, making the complete appellate record for an appeal from the final judgment due April 30, 2013.[2] *See id.* 35.1.

Accordingly, we deny Calkins and Easton's April 4, 2013 motion to dismiss for failure to prosecute, we deny James' April 25, 2013 motion to dismiss her interlocutory appeal as moot, and we deny Calkins and Easton's June 10, 2013 motion to dismiss James' interlocutory appeal as moot. We further deny Calkins and Easton's request to docket James' May 31, 2013 notice of appeal under a new appellate cause number. Finally, we notify James that the Court may dismiss this appeal for want of prosecution unless, within 30 days of the date of this order, James files written evidence from the trial-court clerk showing that she has paid or made arrangements to pay the clerk's fee for preparing the clerk's record. *See* TEX. R. APP. P. 37.3(b).

It is so ORDERED.

Judge's signature: /s/ Harvey Brown
              ☑ Acting individually    ☐ Acting for the Court

Date: June 17, 2013

---

[1] James attached certified copies of the trial court's orders as exhibits to her May 31, 2013 notice of appeal. These exhibits are not part of the record in this appeal. *See* TEX. R. APP. P. 28.1(e), 34.1, 34.5, 35.3(a). Nevertheless, the orders show that the November 30, 2012 orders were made final, and not rendered moot, by the March 1, 2013 order.

[2] If James filed a motion for new trial, a motion to modify the judgment, a motion to reinstate, or a request for findings of fact and conclusions of law by April 1, 2013, the deadline for filing the appellate record would be July 1, 2013. *See* TEX. R. APP. P. 26.1(a), 35.1(a). Nevertheless, we have no evidence showing that such a motion or request was timely filed, and the deadline imposed by this order provides James with additional time beyond July 1, 2013 to provide proof of payment for the clerk's fee.