ACCEPTED
03-13-00800-CV
6763320
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/2/2015 1:01:39 PM
JEFFREY D. KYLE
CLERK

NO. 03-13-00800-CV

IN THE COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT OF TEXAS AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/2/2015 1:01:39 PM
JEFFREY D. KYLE
Clerk

MARINA VILLAGE LAKEWAY PARTNERS, LTD.,

APPELLANT,

v.

LAKEWAY MARINA VILLAGE CONDOMINIUM ASSOCIATION,

APPELLEE.

From The District Court Of Travis County, 353rd Judicial District,
Cause No. D-1-GN-13-002241, The Honorable Tim Sulak Presiding

**APPELLEE'S MOTION TO DISMISS APPEAL**

**MARK L. HAWKINS**
State Bar No. 00790843
mhawkins@abaustin.com
**ANDREW F. YORK**
State Bar No. 24066318
ayork@abaustin.com
**ARMBRUST & BROWN, PLLC**
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300 – telephone
(512) 435-2360 – facsimile

*Counsel for Appellee*

TO THE HONORABLE COURT OF APPEALS:

Appellee Lakeway Marina Village Condominium Association (the "Association") files this Motion to Dismiss Appeal as Moot, and respectfully shows the Court as follows.

Following a judgment for unpaid property taxes and a foreclosure auction conducted by Travis County, Appellant Marina Village Lakeway Partners, Ltd. ("MV Lakeway") no longer owns the unbuilt units that are the subject of this appeal. *See* Exhibit A, Tax Sale Constable's Deed.[1] As a result of the Constable's Deed, Travis County—and not Appellant—is now the record owner of the unbuilt units, and Appellant no longer owns any units or other real property in the condominium regime.

Texas Property Code Section 82.104(d) provides in pertinent part:

> (d) On foreclosure, tax sale, judicial sale, sale by a trustee under a deed of trust, or sale under Bankruptcy Code or receivership proceedings of all units and other real property in a condominium owned by a declarant:
>
> (1) the declarant ceases to have any special declarant rights;[2]

---

[1] A certified copy of the Constable's Deed is attached as Exhibit A. The deed was executed by Carlos B. Lopez, Constable, on August 11, 2015, and recorded in the Official Public Records of Travis County, Texas, on August 13, 2015, as Instrument Number 2015129230.

[2] A copy of this provision is attached as Exhibit B.

Thus, Appellant's special declarant rights have ceased to exist[3] as a matter of law for this additional reason, regardless of the merits of the arguments Appellant presented in its briefing and argument.

Similarly, Appellant's arguments arising from its former status as "Owner of 100% of the remaining 30 units"[4] are moot, and should not be considered by the Court. (*See, e.g.*, Section II(A)(3) of Appellant's Brief entitled "As the fee-simple owner of the unbuilt units, Marina Village's 'improvement' rights authorize it to construct the units in free-standing buildings.").

Thus, this appeal is moot, and should be dismissed. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."); *Pinnacle Gas Treating, Inc. v. Read*, 104 S.W.3d 544, 545 (Tex. 2003) ("Subject to some exceptions, a case becomes moot when a court's actions cannot affect the rights of the parties.").

WHEREFORE, Appellee Lakeway Marina Village Condominium Association prays that this appeal be dismissed as moot, or alternatively, that the Court disregard any arguments arising from (a) Appellant's argument that it

---

[3] This appeal arises from a final judgment ordering that "Plaintiff's special declarant rights – including the right to complete the improvements comprising the Unbuilt Units – have expired, and such special declarant rights may be restored only by an amendment to the Declaration approved by 100% of the votes in Lakeway Marina Village Condominium Association." CR 267-68. "Special declarant rights" include the right to "complete improvements indicated on plats and plans filed with the declaration." Tex. Prop. Code § 82.003(a)(22)(A).

[4] *See* Appellant's Brief at xi.

continues to have enforceable special declarant rights, or (b) Appellant's former status as owner of the unbuilt units.

Respectfully submitted,

**ARMBRUST & BROWN, PLLC**


/s/ Andrew F. York
_____

**MARK L. HAWKINS**
State Bar No. 00790843
mhawkins@abaustin.com
**ANDREW F. YORK**
State Bar No. 24066318
ayork@abaustin.com
**ARMBRUST & BROWN, PLLC**
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300 – telephone
(512) 435-2360 – facsimile

*Counsel for Appellee*

4

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Appellee conferred with counsel for Appellant, Eric Taube, on September 2, 2015, who stated that Appellant opposes the motion.

/s/ Andrew F. York
Andrew F. York


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent by U. S. Mail and electronic filing to the following on this 2nd day of September, 2015:

Eric J. Taube
Hohmann, Taube & Summers, L.L.P.
100 Congress Ave., 18th Floor
Austin, Texas 78701
erict@hts-law.com

/s/ Andrew F. York
Andrew F. York

# EXHIBIT A



7

M

## Constable's Deed

STATE OF TEXAS
KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF TRAVIS

Cause Number:  D-1-GV-13-000599

WHEREAS, by virtue of a certain Order of Sale issued by the clerk of the 419TH District Court of Travis County, Texas in Cause Number D-1-GV-13-000599 styled TRAVIS COUNTY, ET. AL. v. MV LAKEWAY PARTNERS, LTD. on a certain Judgment and Decree of Sale rendered in said court; I, Carlos B. Lopez, Constable for Travis County, Texas, did on May 29, 2015, at 2:00 p.m., in obedience to said Order of Sale, seize and levy upon all estate, right, title, claim and interest which the Defendant had on the date of said Judgment in and to the premises hereinafter described; and on the first Tuesday of July, 2015, the same being on the 7th between the hours of 10:00 a.m. and 4:00 p.m., as prescribed by law, did sell said premises at public auction in the County of Travis, at the west side of the Courthouse thereof, in the City of Austin, Texas, having first given public notice of the time and place of said  sale by an advertisement in the English language, published once a week for three consecutive weeks preceding such sale, the first publication appearing not less than twenty days immediately preceding the day of the sale, beginning on June 12, 2015, in The Austin Chronicle, a newspaper published in the County of Travis, stating therein the authority by virtue of which such sale was to be made, the time of levy, the time and place of sale, and a description of the property that was to be sold, together with other information required by law, and by mailing copies of such notice to all defendants as required by law; and

WHEREAS, at said sale, there being no bid offered for the sum of $118,534.25, the adjudged fair value of the said property or the amount of the taxes, interest, penalties and costs, said premises hereinafter described were bid off to Travis County, Trustee, in trust for the use and benefit of itself and Lake Travis Independent School District, Travis County Healthcare District d/b/a Central Health, City of Lakeway, Lakeway MUD and Travis County Emergency Services District No. 6.

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS:

That in consideration of the premises in said Judgment and Order of Sale, I, Carlos B. Lopez, Constable of Travis County, Texas, do grant, sell, and convey unto Travis County, Trustee, in trust for the use and benefit of itself and Lake Travis Independent School District, Travis County Healthcare District d/b/a Central Health, City of Lakeway, Lakeway MUD and Travis County Emergency Services District No. 6, and their assigns, all the estate, right, title, interest, and claim which the said defendant(s) had on the date said Judgment was rendered or at any time afterwards, in and to the premises described in said Order of Sale, and further described as follows to-wit:

**AUG 3 1 2015**

334093-1

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy

P. MACHADO

Constable's Deed
Cause Number D-1-GV-13-000599
August, 2015

Billing Number: 824262
Legal Description: Unit 510, Building 5, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 of the deed records of Travis County, Texas

Billing Number: 824263
Legal Description: Unit 512, Building 5, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 of the deed records of Travis County, Texas

Billing Number: 824264
Legal Description: Unit 514, Building 5, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824265
Legal Description: Unit 516, Building 5, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824266
Legal Description: Unit 518, Building 5, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824267
Legal Description: Unit 521, Building 5, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

AUG 3 1 2015

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir County Clerk

By Deputy P. MACHADO

Billing Number:  824268
Legal Description:   Unit 523, Building 5, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number:  824269
Legal Description:   Unit 525, Building 5, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number:  824270
Legal Description:   Unit 527, Building 5, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number:  824271
Legal Description:   Unit 529, Building 5, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number:  824272
Legal Description:   Unit 610, Building 6, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number:  824273
Legal Description: Unit 612, Building 6, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

AUG 3 1 2015

334093-1

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy:  P. MACHADO

Billing Number: 824274
Legal Description: Unit 614, Building 6, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824275
Legal Description: Unit 616, Building 6, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824276
Legal Description: Unit 618, Building 6, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824277
Legal Description: Unit 621, Building 6, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824278
Legal Description: Unit 623, Building 6, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824279
Legal Description: Unit 625, Building 6, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

AUG 3 1 2015



I, Dana DeBeauvolr, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office.

Dana DeBeauvoir, County Clerk
By Deputy: P. MACHADO

Billing Number:  824280
Legal Description: Unit 627, Building 6, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number:  824281
Legal Description: Unit 629, Building 6, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number:  824282
Legal Description: Unit 710, Building 7, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number:  824283
Legal Description: Unit 712, Building 7, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number:  824284
Legal Description: Unit 714, Building 7, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number:  824285
Legal Description: Unit 716, Building 7, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

AUG 3 1 2015

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy

D MARCHAND

Billing Number: 824286
Legal Description: Unit 718, Building 7, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824287
Legal Description: Unit 721, Building 7, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824288
Legal Description: Unit 723, Building 7, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824289
Legal Description: Unit 725, Building 7, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824290
Legal Description: Unit 727, Building 7, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

Billing Number: 824291
Legal Description: Unit 729, Building 7, Marina Village at Lakeway Condominium, Condo Decl. 2007196934 amended in Doc. No. 2007210849, 2007214312 and 2008030538, said property being a portion of that tract as desc. in Doc. No. 2006166885 Of the deed records of Travis County, Texas

AUG 3 1 2015

334093-1

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir County Clerk
By Deputy:
MACHADO

TO HAVE AND TO HOLD the above described property unto said, Travis County, Trustee, in trust for the use and benefit of itself and Lake Travis Independent School District, Travis County Healthcare District d/b/a Central Health, City of Lakeway, Lakeway MUD and Travis County Emergency Services District No. 6, and his or her assigns forever as fully and absolutely as I, Constable as aforesaid, can convey by virtue of said Judgment and said Order of Sale, subject to the Defendant's right to redeem the same in the manner prescribed by law.

IN TESTIMONY WHEREOF I hereunto set my hand this August _11th_, 2015.

_____
Carlos B. Lopez, Constable

THE STATE OF TEXAS
COUNTY OF TRAVIS

BEFORE ME, the undersigned authority, on this day personally appeared Carlos B. Lopez, Constable of Travis County, Texas, known to me to be the person and official whose name is subscribed to the foregoing instrument, and acknowledged that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this August _11th_, 2015.

_____
Notary Public

CINDA KORTAN
MY COMMISSION EXPIRES
January 31, 2019

Return to:
Travis County Attorney's Office; Attn: Tax
P.O. Box 1748, Austin, Texas 78767

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

Aug 13, 2015  09:33 AM   2015129230
FEE: $0.00
Dana DeBeauvoir, County Clerk
Travis County  TEXAS

334093-1

AUG 3 1 2015

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office or

Dana DeBeauvoir, County Clerk
By Deputy: D. MACHADO

# EXHIBIT B

Vernon's Texas Statutes and Codes Annotated
  Property Code (Refs & Annos)
    Title 7. Condominiums
      Chapter 82. Uniform Condominium Act (Refs & Annos)
        Subchapter C. Condominium Management

V.T.C.A., Property Code § 82.104

§ 82.104. Transfer of Special Declarant Rights

Currentness

(a) Special declarant rights created or reserved under this chapter may not be transferred except by an instrument evidencing the transfer recorded in each county in which any portion of the condominium is located. The instrument is not effective unless executed by the transferee.

(b) On transfer of any special declarant right, a transferor is not relieved of an obligation or liability arising before the transfer. A transferor is not liable for an act or omission or a breach of an obligation arising from the exercise of a special declarant right by a successor declarant who is not an affiliate of the transferor.

(c) Unless otherwise provided by a mortgage instrument or deed of trust, in case of foreclosure of a mortgage, tax sale, judicial sale, sale by a trustee under a deed of trust, or sale under Bankruptcy Code or receivership proceedings, of a unit owned by a declarant or of real property in a condominium subject to development rights, a person acquiring title to all the real property being foreclosed or sold may request to succeed to all special declarant rights or only to rights reserved by the declaration to maintain models, offices, and signs. The judgment or instrument conveying title may provide for transfer of only the special declarant rights requested.

(d) On foreclosure, tax sale, judicial sale, sale by a trustee under a deed of trust, or sale under Bankruptcy Code or receivership proceedings of all units and other real property in a condominium owned by a declarant:

  (1) the declarant ceases to have any special declarant rights; and

  (2) the period of declarant control terminates unless the judgment or instrument conveying title provides for transfer of all special declarant rights held by that declarant to a successor declarant.

(e) The liabilities and obligations of a person who succeeds to special declarant rights are as follows:

  (1) a successor to a special declarant right who is an affiliate of a declarant is subject to all obligations and liabilities imposed on the transferor by this chapter or by the declaration;

  (2) a successor to a special declarant right, other than a successor described by Subdivision (3) or (4), who is not an affiliate of a declarant, is subject to all obligations and liabilities imposed on the transferor by this chapter or by the declaration;

(3) a successor to only a right reserved by the declaration to maintain models, offices, and signs, who is not an affiliate of a declarant, may not exercise any other special declarant right, and is not subject to any liability or obligation as a declarant, except the obligation to provide a condominium information statement and any liability arising as a result; and

(4) a successor to all special declarant rights held by the successor's transferor who is not an affiliate of that declarant and who succeeded to those rights pursuant to a deed in lieu of foreclosure or a judgment or instrument conveying title to units under Subsection (c) may declare the person's intention in a recorded instrument to hold those rights solely for transfer to another person; thereafter, until all special declarant rights are transferred to a person acquiring title to any unit owned by the successor, or until an instrument permitting exercise of all those rights is recorded, the successor may not exercise any of those rights other than any right held by the successor's transferor to control the board as provided by Section 82.103(c) for the duration of the period of declarant control, and an attempt to exercise those rights is void; so long as a successor declarant may not exercise special declarant rights under this subdivision, the successor is not subject to any liability or obligation as a declarant other than liability for acts and omissions under Section 82.103(a).

(f) This section does not subject a successor to a special declarant right to any claims against or other obligations of a transferor declarant, other than claims and obligations arising under this chapter or the declaration.

**Credits**
Added by Acts 1993, 73rd Leg., ch. 244, § 1, eff. Jan. 1, 1994.

V. T. C. A., Property Code § 82.104, TX PROPERTY § 82.104
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.