COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| DENNIS SAIENNI, | § | No. 08-19-00051-CV |
|  | § |  |
| Appellant, | § | Appeal from the |
|  | § |  |
| v. | § | 383rd District Court |
|  | § |  |
| SANDY JOHNSTON, | § | of El Paso County, Texas |
|  | § |  |
| Appellee. | § | (TC# 2016DCM5159) |
|  | § |  |

## MEMORANDUM OPINION

Dennis Saienni filed a notice of appeal in the above-styled and numbered cause. The notice of appeal also includes a request for mandamus relief against the Honorable Karen Pelletier, Associate Judge of the 383rd District Court of El Paso County, Texas. Saienni asks that we prohibit Judge Pelletier from exercising jurisdiction over his children. We dismiss the appeal for want of jurisdiction.

We will first address Saienni's request for mandamus relief included in his notice of appeal. He has not filed a petition for writ of mandamus in compliance with the Rules of Appellate Procedure. *See* TEX.R.APP.P. 52.3. A petition for a writ of mandamus commences an original proceeding that is governed by different rules than the rules governing direct appeals. *See* TEX.R.APP.P. 52.1; *Pinnacle Gas Treating, Inc. v. Read*, 13 S.W.3d 126, 127 (Tex.App.--Waco 2000, no pet.). We conclude that mandamus relief cannot be requested in a direct appeal. *See*

*Pinnacle Gas*, 13 S.W.3d at 127; *see also In re Estate of Velvin*, No. 06-13-00028-CV, 2013 WL 5459946, at *1 (Tex.App.--Texarkana Oct. 1, 2013, no pet.) (mem. op.) (holding that mandamus relief cannot be requested in a direct appeal).

We turn now to the jurisdictional issue. It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (authorizing appeals from certain interlocutory orders). A civil appeal is perfected when the notice of appeal is timely filed. TEX.R.APP.P. 25.1, 26.1; *see Restrepo v. First National Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.--El Paso 1995, no writ). If the notice of appeal is untimely, the appellate court lacks jurisdiction and must dismiss the case. *See Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex.App.--Houston [14th Dist.] 2006, no pet.).

In an ordinary civil case, the notice of appeal must be filed within 30 days after the judgment or appealable order is signed, or within 90 days if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate under TEX.R.CIV.P. 165a, or makes a request for findings of fact and conclusions of law. TEX.R.APP.P. 26.1(a). The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline passes, the appellant files (1) the notice of appeal in the trial court and (2) a motion for extension of time complying with Rule 10.5(b). TEX.R.APP.P. 26.3; *see* TEX.R.APP.P. 10.5(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

On February 11, 2019, Saienni filed a *pro se* notice of appeal, but the notice does not indicate that he is appealing either a final judgment or appealable order. *See* TEX.R.APP.P. 25.1(d)(2)(requiring the appellant to indicate the date of the judgment or appealable order). The District Clerk provided the Court with a copy of the final divorce decree signed by the trial court

on August 27, 2018.   Saienni did not appeal the final divorce decree by the deadline specified in the Rules of Appellate Procedure, and his notice of appeal does not indicate an intent to appeal some other appealable order.   The Clerk of the Court notified Saienni that the Court intended to dismiss the appeal for lack of jurisdiction because there is no final judgment or appealable order, but he did not file any response.  We dismiss the attempted appeal for lack of jurisdiction.


GINA M. PALAFOX, Justice

March 6, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.